## BAXTER vs. THE STATE.

Where a party has a claim against the state arising out of contract, the statute o limitations begins to run against it from the time when the indebtedness arises, and not merely from the time when the claim is presented to the legislature for allowance.

Where a party is entitled to judgment upon the pleadings, the court will not be prevented from granting a motion for judgment by a mere suggestion that the opposite party may desire to amend his pleading, if satisfied, upon the admitted facts, that he cannot amend so as to help his case.

This was an action commenced in the supreme court to recover a balance alleged to be due the plaintiff on a contract with the territory of Wisconsin, for certain work upon the capitol and materials furnished therefor. Former decisions in the cause are reported in 9 Wis., 38; 10 id., 454; 16 id., 488; where the facts will be found more fully stated.

*The Attorney General*, for the state.

*Geo. B. Smith*, for the plaintiff.

. *By the Court*, PAINE, J. The state moves for judgment, deeming the case fully disposed of by the decisions already made in it. The plaintiff, by new counsel, resisted the motion, though only upon grounds which had been fully discussed and passed upon before.

After we had announced our conclusion that the state might plead the statute of limitations, upon a motion for re-hearing it was urged, that although the state might avail itself of that plea, still it appeared in this case that the plea was not good, for the reason that the cause of action did not accrue until the plaintiff presented his claim to the legislature and they refused to pay it. This position was based upon the provision of the statute requiring the party, before bringing suit against the state, to present his claim to the legislature.

The motion for a re-hearing was overruled, though no opinion was written. We regarded a compliance with this provision of the statute as not constituting any element of the cause of action, within the scope and object of the statute of limitation. It was a mere condition to the bringing of a suit, imposed by law for the protection of the state from unnecessary costs. If a debt existed, it existed entirely independent of such presentation of the claim. It existed so soon as a claim accrued which the state owed and ought to pay. And then it was that the cause of action accrued. True, the party had to present his claim before bringing suit, but such presentation partook of the nature of the remedy. It was a preliminary proceeding required of him in order to avail himself of the remedy. Suppose the law should, upon grounds of policy, and to prevent unnecessary litigation, require that a demand should be made of every debt before suit should be brought? Could it be said that the statute of limitations did not begin to run until such demand was made, though the debt might have been due for twenty years before? Certainly not. Yet it might just as well be said in that case as in this. In the old action of replevin the law required the plaintiff, as a condition of his right to sue, to make oath to certain facts. Could he have allowed the statutory time to pass, and then avoid the bar by saying that he had no right to sue until he had made the oath? Clearly not. The question here seems to us entirely similar in its character. And we are compelled

to hold that if a party has a claim due from the state, he cannot neglect to present it until after the statute of limitation has run, and then sustain an action upon the ground that he had no right to sue until he had presented it.

The last counsel of the plaintiff made some suggestion about amending. But we are satisfied, from the former discussions and admissions of counsel, that the plaintiff had no ground of avoiding the statute, except the one just considered. There could not very well be a new promise by the state, unless in the form of a law. And without something more definite from the plaintiff, showing that by amending he could help his case, we must grant the motion of the attorney general for judgment in favor of the state.

Motion granted accordingly.