SCHRIBER, Appellant, vs. THE TOWN OF RICHMOND, Respondent.

*November 8 — December 4, 1888.*

*(1) Town orders: Presentation for audit. (2) Limitation of actions: When statute begins to run: Demand. (3) De minimis non curat lex. (4) Judgment dismissing instead of abating action: Immaterial error.*

1. Under sec. 824, R. S., as amended by ch. 163, Laws of 1882, where one town has become liable upon orders issued by another, no action can be maintained thereon against the town so becoming liable unless a claim thereon has been filed with its town clerk to be laid before the town board of audit.

2. Although, before the enactment of ch. 240, Laws of 1881, an action on a town order could be maintained only after demand and refusal of payment, yet the statute of limitations began to run from the date of the order, not from the date of the demand. [The court inclines to the opinion, but does not decide, that the effect of ch. 240, Laws of 1881, so far as the statute of limitations is concerned, is only to extend the period of limitation thirty days.]

3. An action upon sixty-eight town orders for about $2,000 was barred by the statute of limitations as to all but one order for $15. The judgment dismissed the action. In the argument on appeal no special point was made as to that one order as distinguished from the others. *Held*, that the judgment would not be reversed for an error affecting a sum so comparatively small.

4. The entry of judgment dismissing an action upon the merits instead of abating it is an immaterial error where another action would be barred by the statute of limitations and it is manifest that that defense would be interposed.

APPEAL from the Circuit Court for *Shawano* County.

The action is upon sixty-eight town orders, drawn in due form by the chairman of the board of supervisors and town clerk of the town of Langlade, upon the treasurer of that town, amounting in the aggregate to about $2,000; and bearing different dates between March 30, 1880, and May 14, 1881.

On May 25, 1883, all the territory then included in the town of Langlade was, by the proper county board of supervisors, duly annexed to and made a part of the town of *Richmond*, the defendant, and remained a part of that town until the spring of 1885, when, under ch. 137, Laws of 1885, the same territory was detached from *Richmond* and organized as the town of Langlade. The plaintiff, *Schriber*, afterwards brought an action against the new town of Langlade on the same orders here in suit, and on appeal this court held that such new town was not, but the town of *Richmond* was, liable on such orders. *Schriber v. Langlade*, 66 Wis. 616. Hence this action.

The orders in suit were never presented to the treasurer of the original town of Langlade for payment, nor to the town board of *Richmond* for audit, but were presented to the treasurer of *Richmond*, November 13, 1886, for payment. This action was commenced December 18, 1886. The complaint counts upon the sixty-eight town orders above mentioned. The defendant town answered, in abatement of the action, that a claim for the payment of such orders had never been filed with its clerk to be laid before its town board of audit; and also answered the six years statute of limitations in bar of the action.

A jury was waived, and the cause was tried by the court. The findings are for the defendant on the answer in abatement, and also on the answer of the statute of limitations, except as to fourteen of the orders. It was also found that some of the fourteen orders thus excepted are void. The matters thus found in bar of the action cover all the orders

in suit, except six aggregating about $176. The matters found in abatement cover the whole sixty-eight orders. The plaintiff appeals from the judgment dismissing his complaint on the merits of the action, with costs.

For the appellant there was a brief by *Houghton & Thorn*, and oral argument by *F. W. Houghton*. They contended, *inter alia*, that a demand is necessary to the accruing of a cause of action on town orders, and that therefore the statute of limitations does not begin to run until such demand is made. Wood on Lim. of Act. secs. 117, 118, 125; R. S. sec. 4249; Laws of 1881, ch. 240; *Packard v. Bovina*, 24 Wis. 382; *Keithler v. Foster*, 22 Ohio St. 27; Angell on Lim. 96; *Codman v. Rogers*, 10 Pick. 120; *Rhind v. Hyndman*, 54 Md. 527; *Stanton v. Stanton*, 37 Vt. 411; *Thorpe v. Booth*, Ryan & M. 388; *Holmes v. Kerrison*, 2 Taunt. 323; *Brown v. Rutherford*, 42 L. T. R. (N. S.), 659; *Little v. Blunt*, 9 Pick. 490; Dillon on Mun. Corp. 505, and note 2.

For the respondent there was a brief by *M. J. Wallrich* and *Geo. G. Greene*, and oral argument by *Mr. Greene*. They argued, among other things, that the terms of a town order do not require presentation. Its necessity springs, not from any contract, but from the provisions of law for auditing and paying the public debt. When presentation of a claim, or any other preliminary step, is thus required *by law* before action, the cause of action *accrues* when the plaintiff can, at will, take the step and bring the action. *Baxter v. State*, 17 Wis. 588; *Goldman v. Conway Co.* 10 Fed. Rep. 888; *Dewey v. Lins*, 57 Iowa, 235; *Hintrager v. Traut*, 69 id. 746; *Baker v. Johnson Co.* 33 id. 151; *Arapahoe v. Albee*, 38 N. W. Rep. (Neb.), 737; *Hostetter v. Hollinger*, 117 Pa. St. 606; *Brehm v. Mayor*, 104 N. Y. 186; *Palmer v. Palmer*, 36 Mich. 487; *Litchfield v. McDonald*, 35 Minn. 167; *Prescott v. Gonser*, 34 Iowa, 175; *Dorland v. Dorland*, 66 Cal. 189; *Burleigh v. Rochester*, 5 Fed. Rep. 667.

LYON, J. I. The first question to be determined is whether the defense in abatement of the action should have been sustained. That is to say, was it essential to the plaintiff's right of action that the town orders in suit should have been previously filed with the town clerk of *Richmond*, the defendant town, to be laid before the town board of audit of that town? It is claimed on behalf of defendant that such filing thereof is essential to the right of action under sec. 824, R. S., which reads as follows: "No action upon any claim or cause of action for which a money judgment only is demandable, shall be maintained against any town, unless a statement of such claim shall have been filed with the town clerk, to be laid before the town board of audit, nor until ten days after the next annual town meeting thereafter."

We think a fair construction of the above statute excludes from its operation town orders regularly issued by the proper authorities of the town on behalf of which the same were issued. The object of the statute was to protect towns from suits upon claims payable in money, until the town board, or, in case of its refusal to allow such demands, the town meeting, may act upon such claims. In the case of a valid town order, the board or town meeting must necessarily have passed upon and allowed the claim before the order was issued, and there is no necessity that the board act upon the order. In this view, ch. 163, Laws of 1882, was enacted, amending sec. 824, R. S., by inserting immediately after the word "demandable" these words: "Except upon town orders, bonds, coupons, or written promises to pay any sum of money." All these instruments, if valid, must have been executed by the proper town officers; and the consideration thereof, or the indebtedness they represent, must have been subjected to the scrutiny of the town meeting, the electors, or the town board. Probably the amendment of 1882 does not change the provisions of sec. 824,

but only makes that section express what would otherwise have been implied.

The question remains, however, whether, in ·a case like this, where the orders in suit were issued by one town and the liability thereon (if the orders are valid) is thrown upon another, the orders must be presented to the town board of the latter town for allowance before an action on them against such town can be maintained. We think this question must be answered in the affirmative. In the present case the town of Langlade issued the orders in suit, but, if there is any liability upon them, the same has been laid upon the defendant town of *Richmond* by the action of the county board of supervisors. The claims or demands upon which the orders were based have never been subjected to the scrutiny of the town board or town meeting of *Richmond*, and that board has had no opportunity to inquire into the validity of the orders. They may be void for many reasons. For example, some or all of them may have been issued without the authority of the town board, or for an unauthorized or illegal purpose, or they may have been paid by the town which issued them. The plain object of the statute above quoted is, as already intimated, to give the town board, or town meeting, as the case may be, an opportunity to ascertain whether the orders are valid and binding obligations against the town before it shall be subjected to a suit upon them. (See Revisers' note to sec. 824.) Moreover, the town treasurer of *Richmond* had no authority to pay the orders on presentation. He could lawfully pay only orders issued by the proper officers of that town. Hence the necessity that the orders should go to the town board of *Richmond* for audit, like other claims against the town, to the end that, if allowed, town orders should be issued therefor which the treasurer of *Richmond* is authorized to pay.

Hence we are constrained to construe the exception of

town orders in the amended sec. 824 to mean only those orders issued by the town sought to be charged with their payment, and that where the orders were issued by another town, as in this case, the claim thereon is within the spirit and language of sec. 824, and must be filed with the town clerk, to be laid before the board of audit of the town upon which such liability has been cast, before an action can be lawfully commenced thereon against such town.

It is conceded that no claim founded upon the orders in suit was ever so filed. Hence this action cannot be maintained. All this, however, is only matter in abatement of the action, which would not interfere with the right to bring another action after complying with the statute. Were this all there is of the case, the judgment would necessarily have to be reversed; for it dismisses the complaint on the merits of the action, which is a judgment in bar of this or any future action upon the orders.

II. We are thus brought to the question, Does the record disclose any sufficient grounds for upholding the judgment in its present form? This involves a consideration of the effect of the statute of limitations upon the orders in suit.

Ch. 240, Laws of 1881, provides that "no action shall hereafter be brought upon any county, city, town, or school order until the expiration of thirty days after a demand for the payment of the same shall have been made." This chapter became a law, April 7, 1881. Before that date there does not seem to have been any special statutory provision on the subject. It was held, however, in *Packard v. Bovina,* 24 Wis. 382, decided in 1869, that under general rules of law no action could be maintained against a town on a town order drawn upon its treasurer, until after the order had been presented for payment to the treasurer and payment thereof refused. This case settled the law as it stood before the enactment of ch. 240, Laws of 1881, to be that a town order was payable on demand and only on de-

mand. Such was the law when all of the orders in suit were issued, save one for $15, dated May 14, 1881.

The six years statute of limitations commences to run when the cause of action accrues. R. S. secs. 4219, 4222. The question here is, Did the cause of action accrue on the orders in suit when they were issued in 1880 and 1881, or not until payment thereof was actually demanded, November 13, 1886? We think this question is answered by the judgments of this court in *Baxter v. State*, 17 Wis. 588, and *Curran v. Witter*, 68 Wis. 16. In the first of these cases it was argued that because the statute required a party to present his claim to the legislature before bringing a suit thereon against the state, the cause of action does not accrue, and hence the statute of limitations does not commence to run, until the claim is so presented. This court negatived that proposition, and held that the cause of action accrues when a debt exists which the state owes and ought to pay, without regard to the time when the claim 'was so presented. Mr. Justice PAINE, delivering the opinion of the court, said that this provision of the statute did not constitute " any element of the cause of action within. the scope and object of the statute of limitation. It was a mere condition to the bringing of a suit imposed by law for the protection of the state from unnecessary costs. If a debt existed, it existed entirely independent of such presentation of the claim. It existed as soon as a claim accrued which the state owed and ought to pay. And then it was that the cause of action accrued. True, the party had to present his claim before bringing his suit, but such presentation partook of the nature of the remedy. It was a preliminary proceeding, required of him in order to avail himself of the remedy." This judgment has never been questioned here, and stands as the law of this state. The decision was made under a limitation statute like the one

now in force, and the case, in principle, is strikingly like the present case. See Laws of 1861, ch. 282.

*Curran v. Witter*, 68 Wis. 16, was an action upon a certificate of deposit, payable to the order of the depositor on the return of the certificate properly indorsed. The action was brought sixteen years after the date of the certificate, and it had never been presented for payment until shortly before the action was commenced. It was held that the cause of action accrued at the date of the certificate, and hence that the statute of limitation had run against it. The opinion concedes that courts of great authority have held that in such a case the statute does not commence to run until the date of demand, but this court was of the opinion that the reasons in favor of holding that the statute commenced to run from the date of the certificate accorded best with the objects sought to be attained by the enactment of the statute of limitation. It was there said that such a certificate, payable on demand, was the equivalent of a promissory note so payable; and although in *Packard v. Bovina*, 24 Wis. 382, a town order was likened to a bill of exchange or check, we think (if there is any difference) it is nearer like a certificate of deposit or a promissory note payable on demand, save the quality of negotiability.

Applying the doctrine of the above cases to the present case, it must be held that the statute of limitations had fully run against each of the orders in suit (or at least against all but the order of May 14, 1881) on the expiration of six years from the date of the orders. It follows that the statute had run against all but fourteen of the orders in suit when the action was commenced, and that it ran against the fourteen orders, or at least thirteen of them, before the trial, which commenced November 30, 1887.

As to the order of May 14, 1881, the only one issued after ch. 240, Laws of 1881, took effect as a law, we have

only to say, without deciding the point, that we are strongly inclined to the opinion that the effect of ch. 240, so far as the statute of limitation is concerned, is only to extend the period of limitation thirty days. Such was held to be the effect of a like statute upon a note payable at a given time after demand, in *Palmer v. Palmer*, 36 Mich. 487. The opinion, which is by Mr. Justice CAMPBELL, contains a very able presentation of that view of the law. We prefer, however, to leave that question open for further argument and deliberation when a case shall arise involving it.

Considering the amount involved in the present case, the number of orders in suit, the trifling sum for which the order of May 14, 1881, was issued, and the fact that no special point was made in the argument upon such order as distinguished from the others, we feel justified in applying to it the maxim *de minimis non curat lex*, and hence we make no distinction between it and the other sixty-seven orders against which the statute of limitations has certainly run.

It may be said that because fourteen of the orders were not barred by the statute when the action was commenced, as to those orders, or at least as to six of them which were not held invalid on other grounds, the judgment should have been in abatement only; thus leaving the plaintiff at liberty, after filing his claim with the town clerk of the defendant town to be laid before the board of audit, to commence a new action thereon. But it is manifest that such privilege would be of no benefit to the plaintiff. The defendant is now here pleading the statute of limitations as a defense to those orders, and the presumption is quite irresistible that in such new action the same defense would be interposed, and it would certainly be fatal to the action. It is idle to reverse this judgment as to those orders, when it is perfectly obvious that a trial would result in the same judgment. We think the case comes within the statutory

rule so often applied, to the effect that no judgment shall be reversed or affected by reason of any error or defect in the proceedings which do not affect the substantial rights of the adverse party. R. S. sec. 2829.

*By the Court.*— The judgment of the circuit court is affirmed.

