TUCKER, Appellant, vs. LOVEJOY, Respondent.

*November 13 — December 4, 1888.*

*Limitation of actions: Pleading: When cause of action accrued.*

A complaint alleging that between September 1 and December 1, 1873, the plaintiff rendered services for the defendant which were reasonably worth $4,000, "which sum became due some time in September, 1884," is *held*, on demurrer, to show that the cause of action accrued as early as December 1, 1873. The allegation that the sum became due in 1884 is a mere conclusion of law, unsupported by the facts stated, and must be disregarded.

APPEAL from the Circuit Court for *Rock* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an appeal from an order of the circuit court sustaining a demurrer to the plaintiff's complaint. The following is a copy of the complaint so far as is necessary to determine the question whether the demurrer was well taken: "And now comes the plaintiff above named, by Henry L. Buxton, his attorney, and complains and alleges (1) that between the 1st day of September, 1873, and the 1st day of December, 1873, this plaintiff and one Eric McArthur, and their agents and servants, rendered services for the defendant, at his request, in finding, surveying, making estimates of, and entering in the lists of unsold lands in the land offices of the United States of America situated at Wausau, Wisconsin, and Menasha, Wisconsin, and the land office of the state of Wisconsin situated at Madison, Wisconsin, the lands which are more particularly described and set forth in the schedule hereto attached, marked 'Exhibit A,' and made a part of this complaint; (2) that the defendant promised to pay the plaintiff and the said McArthur what the said services were reasonably worth; that this plaintiff was to receive one half of said amount,

and the said McArthur one half thereof; (3) that said services were reasonably worth the sum of $4,000, which sum became due some time in the month of September, 1884, but on what particular day in said month this plaintiff is unable to state."

The remainder of the complaint consists of allegations as to the assignment of the interest of Eric McArthur in the alleged claim to the plaintiff, and of notice of such assignment given to the defendant before the commencement of this action, and prayer for judgment.

The defendant demurred upon two grounds: (1) That the complaint does not state facts sufficient to constitute a cause of action: (2) that the action was not commenced within the time limited by law, and the said defendant refers to subd. 3, sec. 4222, and sec. 4227, R. S., which he claims limit the plaintiff's right to sue. The demurrer was sustained by the circuit court, and from the order sustaining the same the plaintiff appeals to this court.

For the appellant the cause was submitted on the brief of *Henry L. Buxton.* The facts in this case are almost identical with those in the case of *Tucker v. Grover*, 60 Wis. 240, and the complaint was framed after the complaint in that case. The complaint alleges that in September, 1884, the plaintiff demanded payment of the sum which the services were worth. "Before that time the claim rested in the void contract which the defendant refused to carry out, and in an interest in the land he had verbally agreed to convey, and it became a money demand only when the defendant refused to so convey and the plaintiff made a demand for the money." *Tucker v. Grover*, 60 Wis. 244, and cases cited.

For the respondent there was a brief by *Wm. Ruger*, attorney, and *John Winans*, of counsel, and oral argument by *Mr. Ruger*.

TAYLOR, J.  The demurrer was sustained by the court below because it appears on the face of the complaint that the cause of action stated in the complaint accrued more than six years before the commencement of the action.  It is claimed by the learned counsel for the respondent that it appears on the face of the complaint that the cause of action stated in the complaint accrued as early as the 1st day of December, 1873, and it also appears on the face of said complaint that the action was not commenced until after the 8th day of May, 1884, eleven years after the same accrued.  We think that, considering the facts alleged in the complaint, the contention of the learned counsel for the respondent is sustained, and the demurrer was well taken. The legal conclusion deduced from the facts stated is that the plaintiff was entitled to pay for his services when they were fully performed, in the absence of any agreement fixing the day of payment at some other time, and no demand was necessary in order to maintain an action for the value of such services.  *Dill v. Wareham*, 7 Met. 438, 448; *Earle v. Bickford*, 6 Allen, 549, 551; *Sturgis v. Preston*, 134 Mass. 372.

But it is alleged by the learned counsel that the last allegation above quoted, viz., " that said services were reasonably worth the sum of $4,000, which sum became due some time in September, 1884, but on what particular day in said month this plaintiff is unable to say," is a sufficient allegation to rebut the legal conclusion which follows the previous allegations of fact.  We think the contention of the counsel for the respondent, that this is simply an allegation of a conclusion of law, and not of fact, must be sustained.  It is the statement of facts in a complaint which constitutes the cause of action, and when those statements fail to show a cause of action they cannot be helped out by alleging a conclusion of law.  The complaint having stated facts which show that his demand was due in December, 1873,

these facts cannot be neutralized simply by an allegation that his demand was not due until several years thereafter. Suppose the plaintiff's action had been upon a promissory note which was alleged to have been made December 1, 1873, and became due by its terms on the 1st day of January, 1874, and the action had been commenced January 1, 1884, could the plaintiff have avoided a demurrer to the complaint that the statute of limitations had barred his claim, by inserting a general allegation that the money on the note became due on January 1, 1880? We think it very clear he could not. To avoid the statute he would have to allege facts showing that some other contract had been made which had postponed the payment of the note to some other time than that stated in the note itself.

Upon demurrer, the general allegation of a conclusion of law must be wholly disregarded. This is the rule as established by this court in the following cases, cited by the counsel for respondent: *Babb v. Mackey,* 10 Wis. 371, 376; *Howell v. Howell,* 15 Wis. 55, 61; *Franklin v. Kirby,* 25 Wis. 501; *Teetshorn v. Hull,* 30 Wis. 162, 167; *Hazleton v. Union Bank,* 32 Wis. 34, 43; *Lutheran Evangelical Church v. Gristgau,* 34 Wis. 328, 334; *Butler v. Kirby,* 53 Wis. 188, 192; *Forcy v. Leonard,* 63 Wis. 353, 360; *Pratt v. Lincoln Co.* 61 Wis. 62, 66; *State v. Egerer,* 55 Wis. 527, 529; *Feiten v. Milwaukee,* 47 Wis. 494, 497; *Lawrence v. Janesville,* 46 Wis. 364–371; *Eaton v. Gillet,* 17 Wis. 435; *Baxter v. State,* 17 Wis. 588, 589.

The demurrer was properly sustained.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings.