WILLIAM R. PARK *vs.* HENRY M. WHITNEY.

Suffolk.    November 15, 1888. — January 3, 1889.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Contract — Offer by Letter — Acceptance — Reasonable Time.*

An offer by letter, dated May 16, 1884, and made by the offerer "solely from a feeling of friendship" towards the offeree, to purchase certain shares of stock "at any time after January 1, 1886, if at that time" the latter should so desire, must be accepted by that date or within a reasonable time thereafter; and an acceptance of the offer sent on July 9, 1886, is not within a reasonable time.

CONTRACT for the breach of an agreement to purchase certain shares of stock.    The declaration set out, as containing the alleged agreement, certain letters, the first of which, sent by the defendant to the plaintiff and received by him, was as follows:

" Office of the Metropolitan Steamship Company, India Wharf, Boston, May 16, 1884.  My dear Mr. Park : I have given a good deal of thought to the subject of our conversation of yesterday and the day before, and my deliberate judgment is that it is better, both for you and for the Inspirator Company, that you be relieved from the care of the details of the business, or, in short, from the duties of superintendent.    It is true that I may be mistaken in my judgment, but, as judgment is our only guide in matters of business, I cannot act contrary to it, however much my sympathies might incline me to do so.    I have a very great regard for you, and it is quite unpleasant for me to oppose your wishes ; but I feel that I must do so now, for the good of all concerned.    I desire now that you will take a vacation from now to the 1st of October, and, in addition to your salary, which we shall continue to pay you, we will give you a check for five hundred dollars for spending money in your vacation, which will be increased to one thousand dollars, if you will take a trip abroad with some member of your family.    I propose this, because I feel that you should have entire freedom from care for a while, and this, to my mind, promises the best way to obtain it.    When you return in October, we will make a permanent arrangement with you for salary, as favorable to you as the present.

As your possible losses on the meter business are a source of anxiety to you, I will give you my guaranty to take the meter stock from you at cost, without interest, at any time after January 1, 1886, if at that time you desire to have me do so. This will save you from loss of everything but interest, and I hope that our profits may pay more than that. I am willing to do this, not because I want the stock, but solely from a feeling of friendship to you. It is proper for me to tell you that, although nothing definite is determined upon, I have in mind offering Mr. Warren the position of superintendent, which I trust will be satisfactory to you. I hope you will receive this letter in the kindly spirit that inspires it, and believe me, sincerely your friend, Henry M. Whitney. If it would be more satisfactory to you to tender your resignation, and thus have the initiative come from you, it will be satisfactory to me. I would much prefer to have it said that you resigned."

To this letter the plaintiff sent the following reply, which was received by the defendant:

" Taunton, Mass., July 9, 1886. To H. M. Whitney, Esq. Dear Sir: As I desire to dispose of my interest in the Equitable Water Meter Company, I hereby accept your proposition of May 16, 1884, to take it from me at cost, without interest, at any time after January 1, 1886. Will you kindly appoint the time, and I will forward the certificates. Yours respectfully, William R. Park."

The defendant demurred to the declaration, on the ground that it set forth no legal cause of action. The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*J. E. Maynadier*, for the plaintiff.

*H. D. Hyde & W. A. Sargent*, for the defendant.

C. ALLEN, J. Assuming in favor of the plaintiff that the language of the defendant's letter which is relied on is to be considered as a direct offer to purchase the shares, and that it is to be taken as an offer by itself alone, and independently of the other proposals in the letter, still the offer never became binding as a contract upon the defendant, for want of a due acceptance of it by the plaintiff.

In the first place, considering the nature of the offer, and

the circumstances as shown in the letter, the plaintiff must make known his acceptance by January 1, 1886. The words " at that time " mean the same as " at that date." But if that is not the true construction, at least the offer must be accepted within a reasonable time after that date. Plainly, the offer was not to continue for ever. The words " at any time " do not import perpetuity ; and if not, then the plaintiff was entitled only to a reasonable time ; and, there being no facts in dispute, this was to be determined by the court. There was no acceptance within a reasonable time. The defendant's offer was not simply a business transaction, but, as was expressed in the letter, and as is shown by its whole tone, the offer was made, not because the defendant wanted the shares, but from a feeling of friendship to the plaintiff. The plaintiff was not called upon to decide for more than nineteen months, at the shortest. He did not express any acceptance of the offer till more than six months after the nineteen months had expired. According to any fair construction of the defendant's offer, the plaintiff's option did not extend so long. See *Loring* v. *Boston*, 7 Met. 409 ; *Ex parte Baily*, L. R. 3 Ch. 592.

*Judgment for the defendant affirmed.*