[No. 3015. Decided November 1, 1898.]

WILLIAM N. SPINNING, *Appellant*, v. COUNTY OF PIERCE, *Appellant*.

LIMITATION OF ACTIONS — CLAIM AGAINST COUNTY — FORECLOSURE SALE — ILLEGAL SHERIFF'S COMMISSIONS — HOW APPLIED.

Where moneys arising from sheriff's commissions wrongfully charged on foreclosure sales have been paid by him into the county treasury, the statute of limitations begins to run against actions to enforce repayment from the dates such moneys were turned into the treasury and not from the date of demand therefor on the county, although action would not lie against the county until after demand for repayment.

Where, upon a foreclosure sale, the property was sold for less than the amount of the judgment and a portion of the sum realized wrongfully charged up as the sheriff's commission on the sale, the judgment creditor cannot assign the sum applied as commission to a third party, so as to render the judgment debtor liable to a double payment of that amount, as such sum should properly be credited on the judgment.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Reversed.

*Sheeks & Wickersham*, for plaintiff:

Where demand is necessary, statute does not begin to run until demand is made. *Thorpe v. Booth,* 21 Eng. Com. Law Rep. 468; *Holmes v. Kerrison,* 2 Taunt. 323; *Wright v. Hamilton,* 21 Am. Dec. 513; *Payne v. Gardiner,* 29 N. Y. 146; *Rhind v. Hyndman,* 54 Md. 527 (39 Am. Rep. 402); *Girard Bank v. Bank of Penn Township,* 39 Pa. St. 92 (80 Am. Dec. 507); *French v. Merrill,* 132 Mass. 525; Wood, Limitations (1st ed.), § 118.

*A. R. Titlow,* Prosecuting Attorney, for defendant:

Statutes requiring a demand, or some like act, to be made upon public corporations prior to maintaining actions against them are often found; but the prevailing rule appears to be that the cause of action is deemed to have accrued at the time that the plaintiff could have perfected his right to sue. *Steele v. Steele,* 25 Pa. St. 154; *Baker v. Johnson County,* 33 Iowa, 151; *Baxter v. State,* 17 Wis. 588; *Hintrager v. Traut,* 27 N. W. 807; *Dewey v. Lins,* 10 N. W. 660; *District Township of Spencer v. District Township of Riverton,* 62 Iowa, 30.

The opinion of the court was delivered by

SCOTT, C. J.—The plaintiff brought this action to recover from the county upon a number of assigned claims for money paid into its treasury by the sheriff, the same having been demanded and received as a commission on sales which, under the subsequent ruling of this court in *Soderberg v. King County,* 15 Wash. 194 (45 Pac. 785, 55 Am. St. Rep. 878), were not lawful charges. The court sustained a demurrer to each cause of action pleaded, except the second, and, as to that, awarded the plaintiff judgment, and both parties have appealed.

The demurrer was sustained as to the causes of action other than the second, upon the ground that the statute of limitations had run against them. The plaintiff contends that the statute would not run from the time the money

was paid to the county, but only from the time that a demand was made therefor, and, if this were so, the statute had not run. His counsel concede that there is much authority against this contention, but contend that the cases so holding are not well founded in principle. We shall not attempt a review of the learned argument presented by the plaintiff, nor of the authorities cited by him; but as the contrary view is so well sustained, and as it accords with generally accepted ideas of justice that the statute should run in such cases rather than that they should continue indefinitely, after an examination of the authorities cited by the defendant, we are satisfied to follow them, and shall do so without any discussion as to their logical application of legal principles in deciding the matter. *Atchison, etc., R. R. Co. v. Burlingame Township,* 36 Kan. 628 (14 Pac. 271, 59 Am. Rep. 578); *Morrison's Admr. v. Mullin,* 34 Pa. St. 12; *Pittsburg & C. R. R. Co. v. Byers,* 32 Pa. St. 22 (72 Am. Dec. 770); *Codman v. Rogers,* 10 Pick. 112; *Palmer v. Palmer,* 36 Mich. 487 (24 Am. Rep. 605); *Prescott v. Gonser,* 34 Iowa, 175; *Beecher v. Clay County,* 52 Iowa, 140 (2 N. W. 1037); *Callanan v. County of Madison,* 45 Iowa, 561; *Lower v. Miller,* 66 Iowa, 408 (23 N. W. 897); *Wheeler v. Warner,* 47 N. Y. 519 (7 Am. Rep. 478); *Nelson v. Posey County,* 105 Ind. 28 (4 N. E. 703); *Litchfield v. McDonald,* 35 Minn. 167 (28 N. W. 191); *Schriber v. Town of Richmond,* 73 Wis. 5 (40 N. W. 644).

As to the second cause of action, the sale was made upon a judgment for something over $3,000, and the sum realized was $500, of which $490 was credited upon the judgment and $10 applied as a commission. The plaintiff's right of action here is based upon an assignment from the plaintiffs having the judgment in that action; and we are of the opinion that they had nothing to assign, for, if the $10 was wrongly applied, it should have been

credited on the judgment; otherwise, if the plaintiffs' assignee should recover, their judgment against the defendants in the action in which the sale was had would remain intact, less the sum of $490, and there might be a double recovery of the amount applied as a commission.

As to plaintiff's appeal the judgment is affirmed. As to the defendant's appeal it is reversed, and the cause remanded accordingly.

REAVIS, ANDERS and GORDON, JJ., concur.

DUNBAR, J., not sitting.