STEVENS et al. v. McCHRYSTAL et al.

(Circuit Court of Appeals, Eighth Circuit. November 30, 1906.)

No. 2,334.

1. VENDOR AND PURCHASER—OPTION CONTRACT—TRUST.

C. having applied for a patent to a mining claim, his right thereto was adversed by K. and others, and pending the determination of such adverse claim it was agreed that the adverse should be dismissed, and that after C. and others procured a patent to the claim they would convey to K. and others the territory in controversy on demand and payment of $101.25. Held, that such contract did not create a trust, nor vest in K. and his associates any equitable title or interest in the property, but created merely the relation of prospective vendor and purchaser under an option contract.

2. SAME—TENDER—DEMAND FOR DEED—TIME.

Where the locators of a mining claim agreed to convey a portion thereof to complainant's predecessor in interest after a patent had issued, in consideration of $101.25 on complainant's demand for deed, but specified no time within which such demand and tender of the price should be made, the right to make the demand and tender arose in favor of the vendees as soon as the patent was issued, and was enforceable for a reasonable time thereafter.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 113–118.]

3. SPECIFIC PERFORMANCE—LACHES.

Utah Rev. St. 1898, § 2875, declares that actions on written instruments, contracts, obligations, or liabilities founded on written instruments are barred by limitation after the lapse of six years. An applicant for a patent to a mining claim, in settlement of certain adverse proceedings, agreed in writing in June, 1892, to convey to contestants a portion of the property in controversy on demand for a deed, after the issuance of a patent, on payment of $101.25. The patent was issued on May 23, 1893, and in 1898 the claim was conveyed to defendant mining company, and five years after this complainants for the first time tendered the $101.25 and demanded a conveyance, when the property had largely increased in value. *Held*, that complainants were barred by laches from obtaining a decree of specific performance or for the value of their then alleged interest in the property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 327–332.]

Appeal from the Circuit Court of the United States for the District of Utah.

On the 24th day of April, 1903, the appellants presented a bill in equity against the appellees, to which the court sustained a demurrer. On March 7, 1904, they filed the amended bill which is the subject of review on this appeal, the substantive recitals and averments of which are as follows:

That in December, 1889, Timothy Kelly, Harry H. McCartney, and Harry S. Joseph were the owners, subject to the paramount title of the United States, and in possession, of certain mining claims in the Tintic mining district, Juab county, Utah, called the "Springfield Mining Claim"; that thereafter, about the 24th day of November, 1890, John H. McChrystal and John McChrystal applied for a patent for the South Extension Beecher U. S. Lot No. 216 mining claim, which claim was surveyed so as to cross or overlap the said Springfield mining claim, and to include a portion thereof, which application was adversed by Kelly, McCartney, and Joseph, the proceedings thereon being stayed to await the determination of the court as to the right of possession of said premises; that on the 18th day of February, 1891, the said Timothy Kelly, Harry H. McCartney, and Harry S. Joseph, commenced such action in the district court, Fifth judicial district, of Utah county and territory, against said McChrystals to obtain a judgment settling their ownership and right of possession; that on June 21, 1892, said parties settled said action upon the following terms, to wit: That in consideration of the dismissal of said action by the plaintiffs therein the McChrystals agreed with said plaintiffs that they would, within a reasonable time after the dismissal of said action, make entry in the United States Land Office at Salt Lake City, Utah, for the South Extension Beecher mining claim, including the area in conflict described in the complaint. It was further agreed that after said entry and the procurement of a United States patent for said claim the McChrystals would, upon demand therefor and the payment of $101.25, convey to said Kelly and others, by deed carrying any after-acquired title, the area in controversy between said South Extension Beecher mining claim and the Springfield mining claim. It was further agreed that the sum of $101.25 would be the proportionate share of the expense necessary to be incurred in the patenting of said claim.

In pursuance of said agreement, on the 21st day of June, 1892, the said Kelly and others stipulated in writing with said McChrystals that such action be, and the same was, on the 24th day of June, 1892, dismissed.

It is then averred that the complainants by assignment and order of probate court made during the year 1901 became the owners and successors in interest of the said Kelly, McCartney, and Joseph in the said contract and agreement; that the McChrystals procured a patent to said premises the 23d day of May, 1893, but the same was not recorded in the recorder's office of the county in which the mine was located. On the 14th day of January, 1902, the complainants alleged that they tendered to said John H. McChrystal the sum of $101.25, and demanded a conveyance of said premises to them, which demand was not complied with.

In extenuation of the delay in bringing this suit, it is alleged that neither the complainants nor their predecessors in interest had any knowledge or information that a patent to said mining claim had issued to said John M. McChrystal until about the middle of the year 1901; that said John H. McChrystal delayed the filing of the complaint by saying to the complainants that he would carry out his agreement in the event it was shown by investigation that no conveyance had been made as agreed. The bill alleged the value of the premises to be $20,000. It also alleged that on the 24th day of September, 1898, the defendant the Eagle & Blue Bell Mining Company, a corporation, obtained a conveyance of the interests of said McChrystals in said South Extension Beecher mining claim, including the property described hereinbefore, and that when it made said purchase it had full knowledge and notice of all the right, title, and interest of the complainants in said property.

The prayer of the bill is that the defendants be decreed to execute a conveyance of the premises, in accordance with said agreement, to the complainants: that in the event the defendants transferred the title to the premises to innocent purchasers for value they be decreed to pay unto the complainants the value thereof, to wit. $20,000.

The circuit court sustained a demurrer to this amended bill. The complainants declining to plead further, the court entered decree dismissing the bill. To reverse this action the complainants below prosecute this appeal.

Harrison O. Shepard, for appellants.

John A. Street and W. H. Bramel, for appellees.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge, after stating the facts as above, delivered the opinion of the court.

The chief insistence of counsel for appellants is that the facts alleged show a trust relation between the said Kelly and others and the McChrystals, which the latter failed and refused to observe; that it was a continuing trust, which, under the facts recited, was neither barred by the statute of limitation nor obstructed in its enforcement by the laches of the complainants.

We are unable to discover any trust agreement in the ultimate shape the contractual relation between the parties assumed. When the claim of Kelly and others, adversing the application of the McChrystals for a patent, was withdrawn and the suit arising thereon was dismissed, the parties in legal effect conceded that the mining area in contest was the property of said McChrystals. Thereupon the new agreement or contract between them supervened, which alone formed the basis of any right of action in Kelly and others or their successors. That contract created no trust obligation upon the McChrystals to obtain title for the benefit of the complainants so as to impose upon them the duty of seeking out the said Kelly and others and making tender of conveyance. The agreement was that after the McChrystals should procure a patent to said claim they would, "upon demand therefor and the payment of $101.25, convey to said Timothy Kelly et al. by deed" the property, etc. Clearly this did not vest in Kelly and others any equitable title or interest in the property, for the obvious reason that at the time they had not paid any part of the purchase price or expenses of the acquisition of the patent. Ducie v. Ford, 138 U. S. 587, 591, 11 Sup. Ct. 417, 34 L. Ed. 1091. The contract constituted the mere relation of a prospective vendor and vendee under an optional

contract. Dunphy v. Ryan, 116 U. S. 491, 496, 6 Sup. Ct. 486, 29 L. Ed. 703.

The legal effect of the final agreement was the creation of a mere optional contract, whereby, upon the procurement of a patent to said claim, the McChrystals were, upon demand therefor and the payment of $101.25, to convey to the said Kelly and others the designated property. No obligation on the part of the McChrystals was imposed to do anything about making the conveyance until the patent should be procured and a demand made upon and a payment to them of the sum of $101.25. The McChrystals could take no initiative or aggressive action against Kelly and others. It was left entirely optional with the latter as to whether or not they would move in the matter; and they could make no demand for a conveyance except upon the tender of $101.25.

In the absence of any specification as to when the demand and tender should be made, the law implies that this should be made within a reasonable time; such reasonable time being a question for the determination of the court under the special facts of the particular case. A cause of action arises as soon as the party has a right to apply to the proper tribunal for redress. Tapley v. McPike, 50 Mo. 589. In this case the right to make the demand and tender arose in favor of Kelly and others when the McChrystals obtained a patent, which was May 23, 1893. They could not escape the running of the statute of limitations if they delayed making their demand an unreasonable length of time. Williams v. Bergin, 116 Cal. 56, 47 Pac. 877; Meherin v. S. F. Produce Exchange Company, 117 Cal. 215, 48 Pac. 1074; Hintrager v. Hennessy, 46 Iowa, 600; Ball v. Keokuk & N. W. R. Co., 62 Iowa, 751, 16 N. W. 592.

The only excuse pleaded in the bill for the long delay in bringing this suit is that neither the complainants nor their predecessors in interest had any knowledge or information that said patent had issued until about the middle of the year 1901. This is but an admission of the appellants' indifference and inattention to their interests and duty. The records of the Land Office Department are an open book, accessible to every one concerned. There was a local land office in Utah where the records would show the issue of all patents for lands situate in that district. The very situation of the matter respecting the patent, was such as to render it highly probable, the adversed contest being abandoned, that the patent would issue at an early date. Johnston v. Standard Mining Company, 148 U. S. 360, 13 Sup. Ct. 585, 37 L. Ed. 480. An inquiry by letter or otherwise would have enabled the appellants or their predecessors to have early obtained the necessary information respecting the issue of the patent. They rested, however, in indifference, contenting themselves with the mere "saying" of John H. McChrystal that he would carry out his agreement. His promise to convey, made in 1892, was a continuing promise for a reasonable time, which received no additional virtue by its oral repetition. It furnished no obstruction to affirmative action on the part of the appellants, and no excuse in law for their nonaction.

The bill discloses the fact that in 1898 the Eagle & Blue Bell Mining Company, one of the defendants below, became the purchaser of this

property, knowledge of which fact by appellants at the time of the transfer is not negatived by the bill. They stood idly by for nearly ten years after their cause of action arose, and for four years after the Eagle & Blue Bell Mining Company became the purchaser, before making tender to the McChrystals, and five years before demand by suit on said company. The value of the property is alleged in the bill to be $20,000, warranting the inference that by the development of this property under the management and expenditure of this company it had become valuable, on discovery of which these appellants come forward with the offer of the petty sum of $101.25 and demand a conveyance to them of the property.

Under the statute of Utah (Rev. St. 1898, § 2875) actions on written instruments, upon contracts, obligations, or liability founded upon written instruments are barred by limitation after the lapse of six years. And, as applied to property like mines in Utah the value of which is very fluctuating, courts of equity exact of claimants asserting rights therein, based upon contracts parol in character, a degree of vigilance and early, energetic action in enforcing such claims wholly wanting in this case. See Twin-Lick Oil Company v. Marbury, 91 U. S. 587, 23 L. Ed. 328; Galliher v. Cadwell, 145 U. S. 368, 12 Sup. Ct. 873, 36 L. Ed. 738; Johnston v. Standard Mining Company, 148 U. S. 360, 13 Sup. Ct. 585, 37 L. Ed. 480; Curtis v. Lakin, 94 Fed. 251, 255, 36 C. C. A. 222.

There was no error in the action of the Circuit Court in dismissing the bill of complaint, and its decree is affirmed.