### WILKINSON *v.* AUDITOR GENERAL.

MANDAMUS—PROPRIETY—TAX SALE—COMPELLING REFUND — LIMITATIONS.

> Mandamus will not lie to compel the auditor general to refund money paid for a void tax title where the petitioner might have demanded repayment more than 14 years before suit was brought.

Mandamus by Arthur Wilkinson to compel James B. Bradley, auditor general, to refund the amount paid on an invalid tax sale. Submitted February 27, 1906. (Calendar No. 21,531.) Writ denied January 4, 1907.

*Dayton W. Closser*, for relator.

*John E. Bird*, Attorney General ( *Charles W. McGill*, of counsel), for respondent.

PER CURIAM. Relator purchased at the annual tax sale of 1891 certain tax lands in Alpena county, paid the amount of his bid, and received a certificate therefor, but he never demanded or received a conveyance. In August, 1905, he learned that at the time of his purchase the land

in question was State tax land, and was then advertised and sold as such to another purchaser. Upon the ground that this fact—the fact that the land was offered for sale as State tax land—avoided his title, relator asked respondent to refund the money paid on this bid, and because this request was not complied with he instituted these mandamus proceedings to compel such repayment.

We shall assume that relator is right in his contention that he obtained no title, and that it was the duty of the auditor general to comply with any proper application for the repayment of his money; and we dispose of this case on the ground that the statute of limitations has run against his demand. In the recent case of *McRae* v. *Auditor General*, 146 Mich. 594, this court held that the State had a right in mandamus proceedings to invoke the statute of limitations. There is this difference between that case and the case at bar: There relator demanded the money in controversy more than six years before he commenced suit. Here relator made no such demand, but had a right to make it and obtain repayment 14 years before he brought suit. We think this difference unimportant.

In *Baxter* v. *State*, 17 Wis. 588, the court held:

"That, if a party has a claim due from the State, he cannot neglect to present it until after the statute of limitations has run, and then sustain an action upon the ground that he had no right to sue until he had presented it."

A similar holding was made in *Hintrager* v. *Traut*, 69 Iowa, 746.

Mandamus denied, without costs.