[No. 11369.  Department Two.  December 12, 1913.]

E. A. Brooks, *Respondent*, v. The Trustee Company,
*Appellant.*[1]

SALES—CONDITIONS—PERFORMANCE—"AT ANY TIME"—REASONABLE
TIME.  A contract for the sale of investment bonds with an option
to return the same "at any time" if the purchaser desired, merely
gives him a reasonable time to act; and his offer to return them,
after accepting quarterly earnings for more than six years, is not
within a reasonable time.

LIMITATION OF ACTIONS—ACCRUAL OF ACTION—DEMAND—TOLLING
STATUTE.  Where bonds were purchased under an option to return
the same "at any time," limitations upon the purchaser's right of
action for refusal to accept a return of the bonds began to run at
the date of the contract, since a party may not toll the statute of
limitations; hence the action is barred after six years.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered March 27, 1913, upon findings
in favor of the plaintiff, in an action on contract, tried to the
court.  Reversed.

*J. A. Stratton* and *S. J. Wettrick*, for appellant.

*P. Tworoger*, for respondent.

MOUNT, J.—On May 24, 1906, the appellant sold to the
respondent two half-units, numbered 256 and 257, represent-
ing proportional undivided interests in its property No. 4,
for the sum of $1,050, and gave the plaintiff the following
memorandum:

"Seattle, May 24, 1906.
"Mrs. E. A. Brooks,
"City: In consideration of the purchase by you on this
date of Inv. Bonds in our Property No. 4, to the extent of
One Thousand Fifty Dollars (1050) we hereby agree that
after you have consulted your sister or any one else in regard
to this investment you desire to withdraw your investment
you may at any time return these bonds to our office and with-

[1]Reported in 136 Pac. 1152.

draw your entire investment with a 6 per cent earning per annum. The Trustee Co.,

"per Wm. F. Howe, Trust Officer."

The ownership of these units entitled respondent to a proportional share of the earnings of the property which they represented, and on or about June 1, 1906, and continuously thereafter until March 1, 1912, the respondent accepted quarterly her share of the earnings upon these units, aggregating $298.50.

This action was begun on September 16, 1912. The complaint alleged the purchase of the units under the above agreement, and that the respondent has since repeatedly tendered the units and demanded the return of the money paid therefor. Judgment was demanded for the amount paid, with interest.

The appellant interposed a demurrer to the complaint, which was overruled and an exception taken. An answer was then filed, admitting the sale of the units under the agreement, but denying that the respondent ever tendered the units or demanded the return of the money paid therefor, except about the time this action was begun. As a first affirmative defense, the appellant alleged that the respondent had elected to retain the units by receiving and accepting the earnings thereon. As a second affirmative defense, the appellant alleges that the respondent's alleged cause of action did not accrue within six years before the commencement of the suit. The allegations of both defenses were denied by the reply. Upon the trial of the cause, the court entered a judgment for the amount of money paid for the units, together with interest thereon at six per cent per annum, less the earnings which the respondent had received as dividends upon the units. This appeal is prosecuted from that judgment.

It is plain, we think, that the contract above set out was a contract to purchase, with the option at any time to return the bonds and withdraw the investment with six per cent interest per annum. It is also plain that the words "at any

time" merely gave a reasonable time to the respondent within which to act. The contract, upon its face, was not intended to remain in force forever or to run in perpetuity. In *Park v. Whitney*, 148 Mass. 278, 19 N. E. 161, where the agreement was, "I will give you my guaranty to take the meter stock from you at cost, without interest, at any time after January 1, 1886, if at that time you desire to have me do so." The court said:

"The words 'at that time' mean the same as 'at that date.' But if that is not the true construction, at least the offer must be accepted within a reasonable time after that date. Plainly, the offer was not to continue for ever. The words 'at any time' do not import perpetuity; and if not, then the plaintiff was entitled only to a reasonable time; and, there being no facts in dispute, this was to be determined by the court."

See, also, to the same effect: *Ellis' Adm'r v. Durkee*, 79 Vt. 341, 65 Atl. 94; *Larmon v. Jordan*, 56 Ill. 204; *Shellar v. Shivers*, 171 Pa. St. 569, 33 Atl. 95.

This agreement was made on May 24, 1906. The action was not begun until September 16, 1912, or more than six years after the contract was entered into. It is plain upon the face of it that the offer to withdraw the investment was not made within a reasonable time, nor even within the statute of limitations upon written instruments which, in this state, is six years.

The respondent's cause of action, if any she had, began to run at the date of the contract, viz.: May 24, 1906. If she had accepted none of the earnings of the bonds during the time between the date of the contract and the date of bringing the action, it is clear that the statute of limitations has more than run upon the contract, even if the phrase "at any time" may be held to mean at any time within the period of the statute of limitations.

In *Bennett v. Thorne*, 36 Wash. 253, 78 Pac. 936, 68 L. R. A. 113, this court said:

"Again, it has been many times held—and this is another important reason why the action should be held to be barred

—that it is not the policy of the law to put it within the power of a party to toll the statute of limitations. And this court has at least twice held that the failure of a party to take the necessary steps to perfect his right of action, although such steps were conditions precedent to the right, would not prolong the statute. *Spokane County v. Prescott*, *supra* [19 Wash. 418, 53 Pac. 661, 67 Am. St. 733] ; *Spinning v. Pierce County*, 20 Wash. 126, 54 Pac. 1006."

It is unimportant when a demand was made for the return of the money. The right of action accrued at once upon the contract and if, as above stated, the time within which the action might be maintained extended to the period of the statute of limitations, that time had fully run when this action was brought. The court was, therefore, in error in entering a judgment in favor of the respondent.

The judgment must therefore be reversed, and the cause remanded with directions to dismiss the action.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.