### GIDEON v. HINDS et al.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

#### No. 53.

1. APPEAL AND ERROR ⬤⟿854(2)—REVIEW—REASONS.

An appeal brings up the ultimate question whether the decision was right or wrong; and, if the result is right, it will not be disturbed because a wrong reason was assigned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig.. §§ 3408–3410; Dec. Dig. ⬤⟿854(2).]

2. CORPORATIONS ⬤⟿116—RIGHT TO PURCHASE STOCK—REASONABLE TIME—WHAT CONSTITUTES.

Where a contract gave plaintiff an option to purchase corporate stock at any time, plaintiff was bound to exercise the option within a reasonable time, and so a delay of more than 10 years will preclude an enforcement of the option, in analogy to the 10-year limitation statutes (Code Civ. Proc. N. Y. §§ 388, 410), regardless of when the statutes began to run.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 493, 494, 496; Dec. Dig. ⬤⟿116.]

Appeal from the District Court of the United States for the Eastern District of New York.

Bill by George D. Gideon against Arthur Hinds and Hinds, Noble & Eldredge, impleaded with G. Clifford Noble. From a decree dismissing the bill as to the answering defendants, complainant appeals. Affirmed.

On March 9, 1904, and as part of a scheme for uniting and incorporating two existing businesses, the capital stock of a then formed corporation was divided among Gideon (plaintiff below and appellant), Hinds (principal defendant below and appellee), Noble (a defendant who did not answer), and one Eldredge. By the same written instrument that apportioned the stock in question the following agreement was entered into between Gideon, Hinds, and Noble: "The said George D. Gideon shall have the right and option to purchase at any time, in equal amounts from Arthur Hinds and G. Clifford Noble, shares of their stock in the corporation (then formed) until the holdings of said Gideon shall be equal to those of said Hinds and Noble, respectively, or of the one of them holding the larger amount of stock." The contract also contains provisions regarding the price to be paid for stock so transferred, which are immaterial in the view taken of this case.

No attempt was made by Gideon to exercise this option until November 19, 1914, at which date he notified both Hinds and Noble of his desire and intent to acquire from each of them a number of shares of stock not exceeding the amount he was entitled to under the agreement hereinabove set forth. Noble

acquiesced in the demand, Hinds refused to comply, and this action was brought to compel specific performance; i. e., require Hinds to turn over to Gideon the demanded number of shares at a price to be ascertained by the court, if Hinds continued contumacious and refused to proceed in the manner set forth in the contract. Hinds answered, and in his answer set out (among other defenses) that the action was barred by the New York statute of limitations and that the demand was stale. The issues having thus been framed, Hinds moved under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) to dismiss the bill, asserting that the action was barred by the statute. This motion was granted, and final decree entered, dismissing the bill, from which Hinds took this appeal.

Fred T. Kelsey, of New York City, for appellant.

Roger Hinds, of New York City, for appellees.

Before COXE, WARD, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). After what in substance was a hearing on bill and answer, the court below entered a final decree of dismissal, apparently upon the ground that the cause of action was barred by the 10-year limitation, prescribed in Code Civ. Proc. § 388, read in conjunction with section 410.

[1] An appeal brings up the ultimate question whether the decision appealed from was right or wrong; and if the result was right it is a matter of no moment that the reasons assigned for judgment may have been erroneously stated.

[2] In 1904 Gideon had an option to purchase stock from Hinds "at any time," which means *within a reasonable time*. He never sought to exercise that right until 1914, more than 10 years after its creation. Such delays as this have been held fatal in some decisions, by applying the statute of limitations as a measure of reason (Stevens v. McChrystal, 150 Fed. 85, 80 C. C. A. 39; Waller v. Texas, etc., Co., 229 Fed. 87, 143 C. C. A. 363); in others, the words "at any time" have been examined in the light of all the circumstances shown, and a period far less than that of the statute deemed unreasonable. (Park v. Whitney, 148 Mass. 278, 19 N. E. 161).

There are some facts stated in the bill, persuasive that it was the intent of all parties to limit this option to three years; but we rest decision on the finding that nothing is pleaded, nor indeed even suggested, justifying or excusing inaction for the time explicitly admitted. It makes no difference whether, under the true construction of the Code provisions cited, the statute begins to run from the date of option created, or the date of demand thereunder; the admitted fact that no attempt to exercise that option was made for upwards of 10 years is proof conclusive that it was not exercised within a reasonable time, and therefore not in accordance with the true meaning of the contract between the parties.

The decree below is affirmed, with costs.