[No. 2821. Decided May 5, 1898.]

MARY A. DENNY et al., Respondents, v. NORTHERN PACIFIC RAILWAY COMPANY, Appellant.

TIDE LANDS — PREFERENCE RIGHT TO PURCHASE — RES JUDICATA — PLEADING.

A judgment against plaintiff in an action seeking to enjoin defendants from wharfing a strip of tide land abutting on land purchased by them of plaintiff, which disputed strip had been occupied by them over twenty years, is conclusive on the parties and those claiming through them, as to the title to the disputed strip.

Under Laws 1895, pp. 554, 562, §§ 61, 82, providing that in contests before the board of land commissioners respecting the right to purchase tide lands, no formal pleadings are necessary, and that on appeal to the superior court the contest may be tried upon the same pleadings unless ordered amended by the court, a judgment in another action, constituting res judicata, may be proven without being pleaded.

Where one holding a government patent covering upland and tide land conveys a portion of the upland, it passes to the grantee littoral rights in the abutting tide land, and a possession of such abutting tide land by the grantee for more than twenty years, in connection with the state's disclaimer to patented lands, would constitute a perfect title in the grantee.

Under the provisions of the statute giving the upland owner the preference right of purchasing adjoining tide lands, no right is

given the owner of a piece of tide land to come in as a preferred purchaser of abutting tide land.

Where the boundaries of a disputed strip of tide land have been recognized for twenty-five years both by contract and the conduct of coterminous proprietors as appurtenant to a certain portion of the upland, and the authorities have platted the tide land in conformity with such lines, which have been adopted by the contestants in presenting their respective applications to purchase, the objection cannot be raised by the appellant that the disputed tideland, owing to the conformation of the shore, really abuts upon other lands than those of respondents.

Appeal from Superior Court, King County.—Hon. WM. HICKMAN MOORE, Judge. Affirmed.

*Crowley & Grosscup*, and *Donworth & Howe*, for appellant.

*John J. McGilvra*, and *Blaine & DeVries*, for respondents.

The opinion of the court was delivered by

GORDON, J.—This appeal is from a decree of the superior court of King county rendered in a cause appealed to that court from the decision of the board of state land commissioners, and involves the right to purchase certain tide lands lying in front of the city of Seattle. Each of the parties to this controversy claims the right to purchase because of ownership of abutting upland and of improvements existing on the tide lands in question on and prior to March 26, 1890. In 1853, H. L. Yesler initiated a claim under the donation land act of the United States to certain land lying on the shore of Elliott bay, which was patented to him in 1876. The area so patented embraced land lying below the line of ordinary high tide, the meander line being located at half tide. In 1866, Yesler by deed of general warranty containing full covenants conveyed a strip 50 feet in width and 256 in length, being parts of

lots 2, 3, 6 and 7 of block 1 of Maynard & Yesler's plat, to the respondents. Between the premises thus conveyed and the meander line is a strip ten feet in width known, and referred to by all the parties to this proceeding, as the "gore" strip. The line of ordinary high tide crossed the premises so conveyed at a point distant some two hundred feet above the meander line thus established, so that the greater portion of the premises actually described in the deed from Yesler to the respondents was in fact tide lands. The respondents entered into possession under their deed and thereafter proceeded to improve the granted premises and also the tide lands in front thereof and extending out into the deeper waters of the bay. In the summer of 1889, while respondents were engaged in wharfing and improving a portion of the premises here in controversy, Yesler instituted an action in the territorial district court for King county to restrain and enjoin the making of such improvement, and procured a temporary injunction. In August, 1890, Yesler, certain other parties joining with him, conveyed to A. S. Dunham an area of tide lands in front of the land so patented to him, the conveyance also including the strip known, and heretofore referred to, as the "gore" strip. Thereafter Dunham conveyed the whole of said premises to the appellant. The superior court, reversing the decision of the board of state land commissioners, awarded the preference right to purchase tide lands involved in this controversy to the respondents. The findings of the court are very voluminous and respondents' right to purchase is sustained upon several distinct grounds. The suit instituted against the respondents by Yesler in 1889, terminated in a judgment made by the superior court of King county (which latter court succeeded the territorial district court upon the adoption of the constitution), and the record thereof was introduced in evidence on the trial

of this cause. From the pleadings it appears that Yesler (plaintiff therein) claimed ownership in fee of the gore strip, and consequently the right to the tide lands abutting thereon and lying westward thereof, and the respondents here (defendants therein) also claimed ownership of the same strip by reason of having occupied the same uninterruptedly from the date of the execution of the deed to them by Yesler in 1866, and because the period of limitation to recover possession of the gore strip had run in their favor prior to the institution of that action. The cause terminated in August, 1890, by entry of the following order:

" This cause coming on to be heard on final hearing in open court on the 14th day of July, 1890, the parties and their attorneys being present, after all the proofs introduced and submitted by the plaintiff, and plaintiff having rested his case, defendants move the court for judgment dismissing the action upon the pleadings and the proofs submitted, counsel for the plaintiff and defendant having been fully heard, said motion being granted;

" Wherefore it is considered, adjudged and decreed by the court that upon said proofs of the plaintiff and the said pleadings, that the temporary injunction and restraining order heretofore issued by the court in this action be and the same is hereby dissolved and that this action be dismissed and the defendants herein have and recover of and from the said plaintiff their costs and disbursements in this action taxed at　.　.　.　dollars, and that execution issue therefor."

We think the disposition so made of that cause constituted an adjudication of the title to the gore strip, and operates as a bar and an estoppel not only as to Yesler, but the appellant claiming through him. The ultimate question in that case as in this one was and is, who owns the upland upon which these tide lands abut? We think the decision of that question in the former case concluded both

Yesler and the appellant. But to the introduction of the record of the former suit the appellant objected and here urges that it is inadmissible because not pleaded. Counsel cite *Bruce v. Foley*, 18 Wash. 96 (50 Pac. 935), decided by us November 4, 1897, in support of this contention. But the rule contended for by appellant and followed by us in that case is not, we think, applicable to the present controversy. The statute governing the trial of contests before the board of state land commissioners between adverse claimants of the right to purchase tide land does not require nor contemplate the filing of formal pleadings. Laws 1895, ch. 178, § 61, p. 554. And § 82 of the same chapter, Laws 1895, p. 562, governing appeals to the superior court from the decision of the state board provides that

" The hearing and trial of said appeal in said court shall take place *de novo* before the court without a jury, upon the pleadings so certified. The court or judge, for cause deemed satisfactory, may order the pleadings to be amended."

Aside from this, we think that the deed from Yesler which conveyed the upland, passed to respondents littoral rights to the abutting tide or shore lands included in the gore strip, and, in connection with their possession and the disclaimer contained in § 2, art. 17 of the constitution, constitute a perfect title.

And again, the preference right of purchase is by the statute conferred upon " the owner or owners of lands abutting or fronting upon or bounded by the shore of the Pacific ocean or any bay, harbor, sound," etc.; in other words, the upland owner. As already stated, the gore strip is not upland. It does not front upon the shore and were we to conclude that the appellant owned the gore strip it would not follow that it is entitled to the preference right to purchase these tide lands. As already

shown, Yesler conveyed the upland to these respondents, and in its natural condition the gore strip was merely tide or shore land over and across which the tide ebbed and flowed. No possible construction of the statute would admit of the right of the owner of a piece of tide land to be preferred as a purchaser of abutting tide land.

The final contention of the appellant is that, owing to the conformation of the shore line in front of the premises, the tide land, which is the bone of contention in the present case, in fact abuts upon other portions of the Yesler donation claim, and is not appurtenant to the premises owned by the respondents. We think that appellant cannot be heard to urge this contention. For upwards of twenty-five years the existing lines have been recognized both by contract and the conduct of the co-terminus proprietors. The authorities—presumably in conformity therewith—adopted these lines in laying out and platting the premises, and the lines so laid out were also adopted by all the parties to this controversy in presenting their respective applications to purchase.

In any point of view, we think the superior court reached a correct conclusion, and its judgment and decree is affirmed.

SCOTT, C. J., and REAVIS, ANDERS, and DUNBAR, JJ., concur.