[No. 3218.    Decided October 6, 1899.]

SEATTLE AND MONTANA RAILWAY COMPANY, *Appellant,*
v. M. M. CARRAHER *et al., Respondents.*

TIDE LANDS — PREFERENCE RIGHT OF PURCHASE — CONSTRUCTION OF
STATUTE.

An upland owner who had conveyed the upland, together with
the tenements, hereditaments and appurtenances thereunto be-
longing, had thereby conveyed whatever interests he might have
had in the abutting tide lands, and a subsequent conveyance by
him of the tide lands to another grantee passed no title thereto.
Under such circumstances, the prior grantee has the prior right
to purchase the tide lands, under Laws 1895, p. 552, § 58, although
§ 59 provides that "when the abutting upland owner has attempt-
ed to convey by deed to a *bona fide* purchaser any portion of the
tide lands in front of such uplands, such right of purchase herein
given to the upland owner shall be construed to belong to such
purchaser, to the extent of the tract or rights so conveyed."

Appeal from Superior Court, King County. — Hon.
WILLIAM HICKMAN MOORE, Judge.    Affirmed.

*Burke, Shepard & McGilvra,* for appellant.

*Ballinger, Ronald & Battle* and *S. M. Shipley,* for re-
spondents.

The opinion of the court was delivered by

REAVIS, J.—Contest for preference right to purchase
tide lands.    A plat of the tide lands in the city of Seattle
was filed as required by law March 15, 1895, and in pur-
suance of the act of March 26, 1890, and the supplemen-
tary and amendatory act of March 26, 1895.    Carraher
and Polk, the respondents, and the appellant filed applica-
tions for the purchase of the same tide lots.    The board
of state land commissioners awarded the right to purchase
the lots to Carraher and Polk.    An appeal was taken by
the present appellant to the superior court, where the
award of the board of state land commissioners was af-

firmed.    On January 13, 1873, McNaught, who was the owner of a tract of upland in Seattle, platted the same and the adjoining tide lands as "McNaught's Third Addition to the City of Seattle."    According to the plat, block 5 thereof abutted on the shore and the meander line ran through lot 3 of the block.    Blocks 8 and 11, which were extensions of block 5, were entirely platted on the tide lands.    In front of this plat, and entirely on the tide lands, one Dearborn platted.    Lot 3 of block 11 covers and includes the east one hundred and twenty feet of lot 22, block 249, of the Seattle tide lands.    June 29, 1875, McNaught duly conveyed to Michael Burns lot 3, block 5, lots 3 and 6, block 8, and lots 3 and 6, block 11; the lots in block 8 and block 11 being an extension of lot 3, block 5, over the tide lands.    May 4, 1883, Burns conveyed to one Mangan lot 3 of block 5.    March 22, 1890, Carraher, by mesne conveyances, became the owner of the undivided half of lot 3, block 5, and in 1893 the respondent Polk, by mesne conveyances, became the owner of the other undivided half.    December 6, 1883, Burns conveyed to Dearborn lots 3 and 6, block 8, and lots 3 and 6, block 11.    March 18, 1890, Dearborn conveyed to appellant lots 3 and 6, block 11, and the lots in front of those which he had platted.    The deed from Burns to Mangan of lot 3, block 5, McNaught's Third Addition, conveys the property together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining, and the conveyance to respondents Carraher and Polk granted the lot and also the tenements, hereditaments and appurtenances thereunto belonging.    Burns, the common source of title, conveyed the upland lot 3, block 5, of McNaught's Third Addition, to respondents' grantor prior to the conveyance made by Burns of the tide lands abutting and fronting thereon, which are claimed by appellant.

The statute, pursuant to which respondents claimed their right to purchase the tide lands from the state, is § 58, Laws 1895, p. 552.    It is apparent that, according to the terms of this section, respondents were given within the time mentioned the preference right to purchase; but § 59 of the same act, which is as follows:

" When the abutting upland owner has attempted to convey by deed to a *bona fide* purchaser any portion of the tide lands in front of such uplands, or littoral rights therein, such right of purchase herein given to the upland owner shall be construed to belong to such purchaser, or to any person, association or corporation claiming by, through or under such purchaser, to the extent of the tract or rights so conveyed;"

it is maintained, confers the preference right upon the appellant as the grantee of the tide land lots by the upland owner.    The controversy seems to be whether the grantee of the upland, together with the tenements, hereditaments and appurtenances thereunto belonging, by conveyance made to him by the common source of title, prior to a grant made by the common grantor to the grantee of tide land abutting and fronting upon such upland, has the preference right to purchase such tide land.    The common grantor, Burns, conveyed the upland with its appurtenances, and respondents now claim by such conveyance against a subsequent grant of tide lands as such to appellant through its grantors.    It may be conceded that neither McNaught, nor Burns after him, had any right to the tide lands.    Such right is the creature of the statute. Respondents, at the time of their application, were the upland owners and thus entitled to a preference right to purchase the abutting tide lands.    But § 59 of the statute, *supra,* gave the grantee of the upland owner the preference right to purchase.    Respondents, however, became upland owners by purchase from Burns prior to any attempted grant by Burns to the grantor of appellant.

Whatever right Burns had as upland owner to tide lands passed to respondents by his first conveyance, and it would seem no right to them passed by his subsequent conveyances, because he had ceased to be an upland owner.

The cases of *Kenyon v. Knipe,* 2 Wash. 394 (27 Pac. 227), and *Eisenbach v. Hatfield,* 2 Wash. 236 (26 Pac. 539), did not involve a construction of the tide land statute above mentioned, and cannot, therefore, be in point here. In the case of *Denny v. Northern Pacific Ry. Co.,* 19 Wash. 298 (53 Pac. 341), it was determined that the statute confers the preference right of purchase of tide lands on the owner or owners of lands abutting or bounded by the shore, and that this refers to the upland owner and not the owner of merely tide lands.

The judgment of the superior court is affirmed.

GORDON, C. J., and ANDERS, DUNBAR and FULLERTON, JJ., concur.