[No. 4266. Decided July 9, 1902.]

J. S. BOOK *et ux.*, Appellants, v. ARNOLD J. WEST *et ux.*,
Respondents.

MORTGAGES — APPURTENANCES.

A mortgage conveying certain unoccupied upland, "together
with all and singular the appurtenances thereunto now or here-
after belonging," would not pass as appurtenant abutting tide-
land upon which the mortgagor had erected and in use a wharf
and warehouse, when the use of such tideland was in no way
incident to the use or ownership of the upland.

SAME — ASSIGNMENT OF INSURANCE POLICY ON ADJOINING LANDS AS
    ADDITIONAL SECURITY.

A stipulation in a mortgage to the effect that the mortgagors
should keep the buildings then erected or thereafter to be erected
upon the mortgaged premises insured and that policies should
be assigned to the mortgagee, when so intended by the parties, is

a valid agreement for additional security, where it refers to buildings on adjacent tideland which did not pass with the mortgage of the uplands as an appurtenance thereto.

Appeal from Superior Court, Chehalis County.—Hon. OLIVER V. LINN, Judge. Affirmed.

*John C. Hogan,* for appellants.

*J. C. Cross,* for respondents.

The opinion of the court was delivered by

HADLEY, J.—This is an action to recover possession of certain real property in Chehalis county. The suit is waged by appellants, and the property is described as lots 1 and 2 in block E of the original plat of the town (now city) of Aberdeen. Appellants allege that the title to said property is in themselves, and was acquired as follows: That in the year 1892 respondents were the owners in fee simple of the lands, and that they then executed to one Book a mortgage thereon; that thereafter, in the year 1893, the indebtedness secured by said mortgage being due and unpaid, said Book commenced an action in the superior court of Chehalis county to foreclose the mortgage; that such proceedings were had that in December of the same year a decree of foreclosure was duly entered in said action; that thereafter, in January, 1894, the sheriff of said county duly sold said lands under execution by authority of said decree to the Aberdeen Bank of Aberdeen, Washington, and thereupon issued to said bank a certificate of sale in due form; that prior to the commencement of this action said bank, for a valuable consideration, sold and assigned said certificate to the appellants, who thereafter received from said sheriff a deed for said lands, and that they have ever since been, and now are, the owners thereof, and since on or about

January 1, 1900, have been entitled to the possession of
the same; that on or about the last named date the re-
spondents, without right or title, forcibly took possession
of the premises and appurtenances, and wrongfully with-
held the same from appellants. Respondents in their
answer deny that they unlawfully entered upon the
premises in controversy on the first day of January, 1900,
or at any other time, and deny that they ever ousted ap-
pellants therefrom. They further deny that they had
been in possession of the lands described in the complaint
since the 15th day of February, 1894, and that they
have ever at any time unlawfully kept appellants out of
possession. The answer affirmatively avers that in the
year 1892, and while respondents were the owners in fee
of lots 1 and 2 in block E aforesaid, they made certain
improvements upon lands adjoining said lot 1, being on
the west or westerly of the said lot 1; that such improve-
ments consisted of the construction of a wharf, with pil-
ing driven in the tide lands as foundation therefor;
that on said wharf so constructed respondents caused to
be erected a certain building for use, and which has been
used, together with the wharf, by respondents for var-
ious purposes, and that the same is now in use, and was
in use by respondents at the commencement of this action,
as the property of respondents; that at all times since the
said construction respondents have been, and now are,
the owners of said property so constructed, except from
the 2d day of January, 1893, to the 22d day of July,
1897, during which time the title to the same was in one
Robinson; that on said first date respondents conveyed
the same to said Robinson, and on the last-named date
he re-conveyed it to respondents. The reply avers, by
way of estoppel, that in February, 1884, one Samuel
Benn and wife caused to be duly filed in the auditor's

office of Chehalis county a plat entitled "The Plat of Aberdeen," and that the lands described in the complaint as lots 1 and 2, block E, are included in said plat; that said lot 1 is bounded on the west side by the Wishkah river, and that according to said plat said lot extends to low-water mark, and includes all of the tide lands mentioned in the answer, on which it is alleged respondents constructed the said improvements, and that said improvements are situate upon said lot 1; that respondents purchased said lot by mesne conveyances from said Samuel Benn and wife, and with reference to said plat, and executed the mortgage through which appellants claim with reference to the same plat; and that they are now estopped to deny appellants' title to said tide lands. The cause was tried by the court without a jury, the jury being waived. The court found that appellants are the owners and entitled to the possession of said lots 1 and 2 in block E, but found further that a small portion of the buildings and improvements heretofore mentioned as having been constructed by respondents is included within the limits of said premises; that respondents' improvements were erected wholly upon tide lands, with the said exception, their said building extending inside the meander line and upon appellants' premises a distance of four and four-fifths inches at the south end and two feet and eight-tenths of an inch at the north end; that, except as to the portion of appellants' premises covered by the building aforesaid, respondents have not been in possession, and have disclaimed possession, or the right thereto, but as to the part covered by the building they have been in possession, and that appellants have been damaged in the sum of one dollar. Judgment was entered in favor of appellants, awarding them possession of that portion of the lands occupied by the building, together with one

dollar damages and the costs of the action, and from said judgment they have appealed.

It is suggested by appellants in their brief that the only real question at issue is whether the portion of the building and wharf located upon the adjacent tide lands passed as an appurtenance to the upland under the said mortgage and the subsequent foreclosure proceedings. It is urged that the building and wharf passed as an appurtenance to the mortgaged premises under the stipulation in the mortgage by which the respondents conveyed the upland "together with all and singular the appurtenances thereunto now or hereafter belonging." It is argued that by the mortgage respondents incumbered all of their title in the upland, and also such title and right of possession as they may have had in the wharf building and flats adjacent to the upland. It is conceded that respondents were not the owners of the tide lands, the title thereto being still in the state of Washington; but it is contended that as the improvers of the strip of tide land, and as owners of the abutting upland they had some sort of right in the lands when the mortgage was executed; that they were in possession of the tide lands, and could hold possession as against all persons except the state, and had also a preference right of purchase from the state. Appellants concede that an action of ejectment cannot generally be maintained for the recovery of tide lands, the title to which is still in the state, but they insist that ejectment will lie to recover these tide lands and wharf and building, for the reason that they were merely appurtenant to the upland when the mortgage was executed. Were these improvements and tide lands appurtenant to the mortgaged lands, under the facts of this case?

"An 'appurtenance' is a thing used with, and related
to or dependent upon, another thing more worthy, and
agreeing in its nature and quality with the thing where-
unto it is appendant or appurtenant. The term 'appurt-
enant' expresses the notion of being annexed to, or belong-
ing to, some more important thing." 2 Am. & Eng. Enc.
Law (2d ed.), pp. 521, 522, 523.

It will be observed that the above definition contem-
plates that a thing, in order to be an appurtenance to the
land, must be used with the land, or must be in some way
related to or dependent upon it. The evidence in this
case shows that it was the intention of respondents to
construct the improvements wholly upon the tide lands,
and that the projection of the building a few inches be-
yond the limit of the tide lands was by reason of a mis-
take as to the exact location of the line bounding said
lands. They intended to maintain these improvements
as entirely separate and distinct from the uplands. No
improvements whatever were placed upon the uplands.
They were merely platted and unoccupied lots. There
was therefore no use to which the upland lots were put
that was in any way aided by or dependent upon the
improvements on the tide lands.

"Nothing passes by the word appurtenance except
such incorporeal easements or rights or privileges as are
strictly necessary and essential to the proper enjoyment
of the estate granted. A mere convenience is not suffic-
ient to thus create such a right or easement." *Root v.
Wadhams,* 107 N. Y. 384, 394 (14 N. E. 281).

The principal thing granted by the mortgage was the
upland, and anything appurtenant thereto must have
been so incident to it as to be useful or necessary for
carrying out the purposes to which the land had been
theretofore applied. Such an incident to the principal
thing, it has been held, passes by a conveyance whether

the word appurtenance is used or not. *Witte v. Quinn,* 38 Mo. App. 681; *Jackson v. Trullinger,* 9 Ore. 393.

"It is a general rule that, upon a conveyance of land, whatever is in use for it, as an incident or appurtenance, passes with it. The law gives such a construction to the conveyance, in view of what is thus used for the land as an incident or appurtenance, that the latter is included in it." *Huttemeier v. Albro,* 18 N. Y. 48, 51, 52.

It thus appears that the use of the words referring to appurtenances in the said mortgage did not enlarge its scope. Anything that was in fact appurtenant passed by the mortgage without such words. They cannot, therefore, be said to refer in terms to the improvements in question, since their legal effect can be extended no further than to what was in fact appurtenant. There is nothing in the words to indicate that the parties intended them specifically to refer to these improvements as appurtenances, and, since the evidence does not show that they were in any way applied for the benefit of the use and occupation of the upland as theretofore utilized, we are unable to see that they became incident or appurtenant to it.

Appellants cite *Brown v. Carkeek,* 14 Wash. 443 (44 Pac. 887), as a case where this court held that a wharf was an appurtenance to an adjoining lot. The lot itself was a tide-land lot, upon which was constructed a wharf, and this wharf had been extended across adjoining tide lands, and the whole was used together. The lease provided that all improvements which should be made by the lessees upon said property, or appurtenant thereto, should become the property of the lessors at the close of the leasehold term. The wharf and buildings were destroyed by fire, and the lessees rebuilt. It was claimed by the lessees that the lessors could not hold the portion of the

wharf extending beyond the lot described, because it was
not appurtenant to the lot. It was held that it was ap-
purtenant. This was clearly right under the facts in
that case. The two were being used and operated to-
gether as one wharf when the lease was made. That
portion of the wharf upon the lot was dependent directly
upon the other for the use then being made of the lot, and
the court held that by the terms of the lease itself the
parties intended to include the wharf outside of the lot.
The outside wharf seems to have come within the defi-
nition of an appurtenance, since it was being directly
used·for the benefit of the wharf upon the lot, which was
the principal thing. Appellants also cite *Seattle & M.
Ry. Co. v. Carraher,* 21 Wash. 491 (58 Pac. 570). That
case simply holds that a conveyance by the upland owner
carried with it his rights as a preference purchaser of the
adjacent tide lands, and that a subsequent conveyance of
the tide lands carried no title. But it does not hold that
the purchaser of the upland can maintain ejectment against
an occupant of tide land merely by virtue of his upland
title, as is sought by appellants here. The case of *West
Coast Imp. Co. v. Winsor,* 8 Wash. 490 (36 Pac. 441),
is also cited by appellants. There it was held that, until
such time as the upland owner can exercise his prefer-
ence right to purchase tide lands abutting upon his up-
land, he has such an interest as enables him to maintain
injunction against a mere trespasser upon the tide lands.
It is, however, not claimed in this case that appellants
seek to control this land by reason of any present prefer-
ence right to purchase.

There was an insurance stipulation in the mortgage,
to the effect that respondents should keep the buildings
then erected or thereafter to be erected upon the mort-
gaged premises insured, and that the policies of insur-

ance should be assigned to the mortgagee. The court found that it was the intention of the parties in making said stipulation to refer to the buildings hereinbefore mentioned. The evidence shows that the mortgage upon the lots was given to secure accrued interest upon an indebtedness already existing, and that the assigned insurance upon this building was proposed and given as security additional to the mortgage. The parties could treat the insurance as additional security, whether the building passed by the grant of the mortgage or not. There being no words of grant showing it to have been the intention to pass this building and the improvements by the mortgage, and since they were not, from the nature of their use, appurtenant to the mortgaged land, it follows that they did not pass by the mortgage. Appellants are entitled to recover that portion of the upland not disclaimed by respondents,—the small space occupied by the end of respondents' building.

We think the judgment correct, and it is affirmed.

REAVIS, C.-J., and FULLERTON; ANDERS, MOUNT, WHITE and DUNBAR, JJ., concur.