[No. 17008.  Department One.  October 17, 1922.]

## H. ZAINEY *et al., Respondents,* v. CHARLES LINDE, *Appellant.*[1]

DEEDS (37)—CONSTRUCTION—PROPERTY CONVEYED—APPURTENANCES—PIPE LINE.  Where a lot and residence, supplied with water by a private pipe line laid in the street by the owner, is sold under representations that the water service went with the property, a statutory warranty deed of the lot passes title to the pipe line, in the absence of any reservation in the deed to the contrary; nor is it necessary that the deed refer to "privileges and appurtenances" (FULLERTON, J., dissenting).

Appeal from a judgment of the superior court for King county, Sessions, J., entered June 29, 1921, upon findings in favor of the plaintiff, in an action for injunctive relief.  Affirmed.

*W. W. Montgomery* and *Griffin & Griffin,* for appellant.

*J. K. McDowall,* for respondents.

MITCHELL, J.—Renton avenue in the city of Seattle runs north and south.  It is crossed at right angles by Kenyon street.  For more than ten years prior to July 28, 1919, the defendant, Charles Linde, owned lots 8 and 9, of Kittinger's Addition; lot 8 being in the northeast corner of the street intersection, and lot 9 adjoining lot 8 on the east.  The owner built a substantial residence on lot 8 and occupied it with his family.  To supply the residence with water, he installed a private pipe line from the premises, south about eight hundred feet on Renton avenue to the city's water main from which water was taken through a water meter furnished by the city.  On July 28, 1919, Linde and wife, by a written real estate contract, sold the residence

[1]Reported in 209 Pac. 1085.

property to plaintiffs, H. Zainey and wife, and gave them possession. Linde then converted an old out building into a residence wherein he has since lived.

Some months after the sale of lot 8 to Zainey, Linde, in the nighttime, cut the water pipe near the south line of Kenyon street and by a newly laid pipe conveyed all of the water to his property on lot 9, claiming to be the sole owner of the pipe line and of the right to the use of the water. Within a few days thereafter, Zainey changed the water back to the original pipe and brought this action to enjoin any further interference at the instance of Linde. There was judgment for the plaintiffs as prayed for, from which this appeal has been prosecuted.

In addition to what has already been said, some other pertinent facts may be referred to. Before, and at the time of the sale to Zainey, the appellant showed respondents through and over the building and grounds, and called their attention to the fifteen water faucets in the bath rooms, kitchen, laundry tubs in the basement, and on the grounds around the building; and, while there was some dispute, we are satisfied, as was the trial court, that the appellant told the respondents the water went with and as a part of the premises. Prior to the commencement of the suit, the premises had been conveyed by Linde and wife to the respondents, by a statutory form of warranty deed; and, by the contention of the respondents as well also by the admission of the appellant, the supply of water is not sufficient for the necessary and convenient uses of both lots 8 and 9.

The assignments of error relate to the correctness of the findings and conclusions made by the trial court and the denial of appellant's motion for a new trial.

The findings of fact are clearly supported by a preponderance of the evidence, while the conclusions and

judgment are within well established principles of law. The means for supplying the residence property with water was constructed by the owner of the residence, and was thereafter used for the benefit of that property. The residence property, as the principal thing, is reasonably, if not necessarily, dependent upon it; and as a thing incidental and beneficial to the principal thing, the pipe line as a means of conveying the water purchased from the city passed with it, in the absence of any reservation or provision to the contrary in the deed by which the respondents' property was conveyed. *Book v. West,* 29 Wash. 70, 69 Pac. 630; *Murray v. Briggs,* 29 Wash. 245, 69 Pac. 765; *Cogswell v. Cogswell,* 81 Wash. 315, 142 Pac. 655; *Sparks v. Hess,* 15 Cal. 186; *United States v. Appleton,* 1 Sumner (U. S.) 492; 8 R. C. L. (Deeds) pp. 1068-9.

Nor is it necessary that the words ''privileges and appurtenances,'' contemplating a reasonably useful or necessary kind of incident, be used in the conveyance, the inference being they are carried with the grant unless the contrary is provided, and not that they do not follow the land unless the deed so recites. *Book v. West, supra;* 8 R. C. L., pp. 1068-9.

The denial of the motion for a new trial has provoked no argument from the appellant, and in our opinion the motion was properly denied.

Affirmed.

Parker, C. J., Tolman, and Bridges, JJ., concur.

Fullerton, J. (dissenting)—I cannot concur in the foregoing opinion. The pipe line which the court holds to be an appurtenant to the property conveyed by Linde to Zainey and to pass as such in virtue of the deed of conveyance, is a small iron pipe laid in one of the public streets of the city of Seattle. It is in no

sense a permanent structure, nor is it there under any form of grant of a permanent nature. It exists at the mere sufferance of the city, and is subject to removal at any time on the order of the city. Indeed, the city could not have granted the right to permanently maintain it, as such a grant would be in violation of the purposes for which the city holds title to its streets. It seems to me, therefore, that the pipe line can in no manner be an appurtenant to the property conveyed as that term is commonly and usually understood; on the contrary, I think it nothing more than the mere personal property of the person who put it in the street. Doubtless the grantor could have sold to the grantee his interests in the pipe line had he so desired; but where a sale is claimed by reason of a written instrument, apt words of conveyance must be found in the instrument, and no such words are found in this conveyance. The word appurtenances in a deed of conveyance will not pass property which is wholly personal, nor property which forms no part of the freehold estate conveyed. "Nothing passes by the word appurtenance except such *incorporeal* easements, rights and privileges as are strictly necessary and essential to the proper enjoyment of the estate granted. A mere convenience is not sufficient to thus create such a right or easement." *Book v. West*, 29 Wash. 70, 69 Pac. 630.

Another consideration is worthy of notice. If this pipe line is an appurtenant to the real property conveyed, the court to be consistent must when the city requires the removal of the pipe, as the city most certainly will ultimately do, hold that the removal is a breach of the covenants of warranty contained in the deed of conveyance, and must allow the grantee to recover in damages for the injury suffered by the re-

moval. This, I am clear, is neither the legal effect of the conveyance nor the intent of the parties thereto.

In my opinion, the judgment should be reversed.