[No. 18007.   Department One.   December 15, 1923.]

GUY J. TEDFORD *et al.*, *Appellants*, v. WENATCHEE RECLAMATION DISTRICT, *Respondent*.[1]

SPECIFIC PERFORMANCE (22, 24) — CONTRACTS ENFORCEABLE — OPTION TO PURCHASE WATER RIGHT. Specific performance will be granted to enforce the provisions of a water contract for ten miner's inches of water, seven inches of which were then evidenced by a water right, and accepted with the agreement that the grantee should, in case the same proved insufficient, have the right to the balance of three inches on paying a pro-rata maintenance fee therefor.

WATERS AND WATER COURSES (98)—IRRIGATION—CONTRACT FOR WATER RIGHT. Where there was full payment for ten miner's inches of water, for seven inches of which a water right was issued, under an agreement that, in case the same proved insufficient, the grantee should have the right to the balance of three inches on paying a pro-rata maintenance fee therefor, the title to the entire ten inches passed to the user, without limitation as to the time for exercising the option to receive the three inches not then used.

[1]Reported in 221 Pac. 328.

SAME (98)—IRRIGATION — LIMITATION OF ACTIONS (29) — AC-
CRUAL—TITLE TO REAL PROPERTY. In such a case, the grantee having
fully performed, the grantor cannot claim that the option was not
exercised within a reasonable time or within the statute of limita-
tions, since the grantor held the remaining water in trust for the
grantee and the statute of limitations would not run until a dis-
avowal of the trust or notice that the seven inches were not suffi-
cient.

PARKER, J., dissents.

Appeal from a judgment of the superior court for
Chelan county, Grimshaw, J., entered March 24, 1923,
upon sustaining demurrers to the complaints, dismis-
sing an action for specific performance. Reversed.

*Sumner & Lebeck,* for appellants.

*W. O. Parr,* for respondent.

HOLCOMB, J.—Demurrers having been sustained to
the original and amended complaints demanding specific
performance of a written contract to convey water,
and appellants electing to stand upon their amended
complaint, the action was dismissed and this appeal re-
sulted. The action was commenced on August 10, 1922.
The demurrers to both complaints are upon the
grounds that the complaints did not state facts suf-
ficient to constitute causes of action, and that the com-
plaints disclosed upon their faces that the action was
not brought within the time limited by law. Both of
these grounds were sustained by the trial court in
passing upon the demurrers.

The amended complaint alleges, in brief:

That on May 7, 1902, and prior thereto, the pre-
decessors of appellants were the owners of a tract of
orchard land, and ten miner's inches of water in Set-
tlers Ditch, represented by ten shares of stock. On
that day they entered into a written contract to pur-
chase from the Wenatchee Canal Company a water
right, and in payment thereof, by the terms of the con-

tract, agreed to deliver to the canal company their stock in the Settlers Ditch. On October 21, 1903, pursuant to this agreement, the Bosworths, predecessors in interest of appellants, assigned and delivered their stock in the Settlers Ditch to the canal company for their water right entitling them to ten miner's inches of water from the canal company. Thereupon the canal company executed and delivered to the Bosworths a water right deed for seven miner's inches of water, and in the conveyance specifically agreed as follows:

"This is to certify that in the settlement of the water agreement between J. W. Bosworth and the Wenatchee Canal Company, which is dated March 7th, 1902, said Bosworth held sufficient stock in the Settlers Ditch Co. to entitle him to ten inches of water from the Wenatchee Canal Company under the terms of said agreement. On this day the Wenatchee Canal Company issued to said Bosworth a water right which calls for fourteen hundredths of one second foot of water per second of time, or seven inches. Said Bosworth accepted said water right with the understanding that should said seven inches above mentioned prove to be insufficient, he should have the right to get three inches more by paying a pro-rata maintenance fee therefor."

On December 22, 1907, the Bosworths sold and conveyed the tract of land to appellants, together with the right to the use of water in irrigating the land from the Wenatchee Canal Company's system for irrigation appurtenant to the premises. At the same time they orally assigned and delivered to appellants the water right contract and deed from the canal company, and appellants have ever since occupied and farmed the premises, using the water originally conveyed and delivered to the Bosworths. In 1916, the canal company transferred its entire property to the respondent,

which transfer was made subject to existing rights of water users and water deed holders. It is then alleged that in 1922 it became apparent that the seven miner's inches of water were insufficient to properly irrigate the lands of appellants, and they made demand upon respondent for the delivery of the additional three inches to which they were entitled under the conditions of the water right deed to the Bosworths, and offered to pay the contractual maintenance fee therefor. The demand was refused.

The position of respondent, which seems to have been adopted by the trial court in ruling upon the demurrer to the amended complaint, is that there was manifestly no intention, either on the part of the canal company or on the part of the Bosworths, that either was personally obligated in the matter by the contract alleged. It is asserted that it is to be inferred from the wording of the certificate set forth in the amended complaint as part of the contract of conveyance, that there was an assessment to be paid for the use of the water, and that the grantee elected to accept the conveyance of seven inches of water, believing that to be sufficient for the irrigation of his lands, in consideration of his being relieved from paying the assessment for the additional amount which he conceived he did not need. It is then stated that, in consideration of the fact that he had sufficient trading value in his stock in the old company, he was given the option to purchase and receive, should he so elect, the additional three inches of water "by paying the pro rata maintenance fee therefor;" this he may or may not elect to do; it was an enforcible contract that might have been enforced within a reasonable time, possibly at any time within the statute of limitations, inasmuch as no specific time was named therein.

It is also asserted by respondent that the agreement did not, as appellants contend, create a trust; that the subject of the agreement was not real estate for which a vendee had paid, where nothing remained but the future conveyance of the property. We are obliged to differ from the contentions of respondent. There was nothing in the contract about being "relieved from assessments," nor to be inferred therefrom.

A water right is real property appurtenant to, and passes with a conveyance of, the land. *Geddis v. Parrish,* 1 Wash. 587, 21 Pac. 314. Appellants purchased from their predecessors in interest not only the fee to the lands described, but also their right to the use of water then appurtenant to the land. The water then appurtenant to the land was ten miner's inches of water but by agreement between the parties, when respondent's predecessor took over the old Settlers Ditch, there was a conveyance absolutely of only seven miner's inches of water, and an absolute right to the other three inches of water whenever the grantee so elected. There was no limitation put upon the grantee as to when he should elect, except "that the understanding that should seven inches above mentioned prove to be insufficient, he should have the right to get three inches more by paying a pro-rata maintenance fee therefor." The option upon the part of the grantee of the water right to the other three inches of water was never necessary to be exercised until the seven inches should prove to be insufficient. That time might arrive in one year, or in forty years. In the meantime, the ditch company and its successors in interest, being bound by the contract, held the other three inches of water in reserve, and in trust for the grantee.

The amended complaint alleging that the seven inches of water had proven to be insufficient, and that appellants were ready and willing to pay the pro rata main-

tenance fee for three inches more under the contract set forth in the amended complaint, there can be no doubt that, unless the statute of limitations prevent, the complaint stated a cause of action for specific performance.

As to the statute of limitations, respondent presents the view here, and was probably sustained therein by the trial court, that no trust is shown, no possession was taken by the vendee, no title, either legal or equitable, passed, nor was it contemplated that any title should pass except upon the payment of further consideration by the vendee, namely, the payment of a pro rata maintenance fee therefor.

We do not agree with respondent in this contention. As heretofore stated in our discussion, there was full payment for ten miner's inches of water. It was so agreed. There was possession taken of only seven inches of water; there was an unqualified retention on the part of the vendees of the other three inches of water whenever the seven inches should prove to be insufficient. The title to the ten inches of water had already passed, but the three inches were reserved for some unknown purpose, probably the purposes of the canal company for the conservation of all the water possible in its system. But if the legal title did not pass to the three inches of reserved water, the equitable title certainly was granted, and the payment of the maintenance fee for the delivery of water is not a further consideration for the water right contracted for, but merely a payment for the service as and when made. No act of the grantee remained to be done to acquire title to the ten inches of water except to notify the grantor or its successor that seven inches of water were not sufficient. No user would be required to pay for the maintenance of the utility at a rate greater than that charged for the use of the exact quantity delivered.

Again, respondent contends that the determination was not made by appellants within a reasonable time that the additional three inches of water were necessary for their use. To sustain its position it cites the case of *Douglas County v. Grant County,* 98 Wash. 355, 167 Pac. 928, where the court held that demand was necessary in order to start the running of the statute of limitations, and that demand could not be postponed until after the period of the statute had run, thereby extending the period of the statute of limitations. But that case involved statutory obligations, and not purely contractual rights or obligations as does this. Nor are the cases of *Spokane County v. Prescott,* 19 Wash. 418, 53 Pac. 661, 67 Am. St. 733; *Spinning v. Pierce County,* 20 Wash. 126, 54 Pac. 1006, and *Bennett v. Thorn,* 36 Wash. 253, 78 Pac. 936, 68 L. R. A. 113, in point upon the question, for analogous reasons.

But even if payment had not been made in full, and full title to the entire ten inches of water conveyed to appellants, and if the payment and conveyance were to be concurrent acts, the position of respondent is no better, because, where the vendee has fully performed and has made offer to pay, and stands ready, able and willing to pay, the vendor is placed in the same position as though payment had been made; that is to say, he holds the legal title in trust for the vendee. *Chicago & E. I. R. Co. v. Hay,* 119 Ill. 493, 10 N. E. 29; *Ives v. Cress,* 5 Pa. St. 118.; *Whittier v. Stege,* 61 Cal. 238; *Howell v. Budd,* 91 Cal. 342, 27 Pac. 747; *Wright v. Brooks,* 47 Mont. 99, 130 Pac. 968.

On this theory the statute of limitations does not commence to run until the vendor has in some manner disavowed his trust. 36 Cyc. 732-f, which disavowal consists of a flat refusal to convey or recognize the contract. See, also, *Snell v. Hill,* 263 Ill. 211, 105 N. E. 16.

Under the contract in question there was no obligation on the part of the vendees to demand a delivery of the water within any reasonable time to be contemplated; nor within any specified time. It was only incumbent upon them to notify the irrigation company or district of the insufficiency of the seven inches of water whenever it should be proven to be insufficient, and to pay a pro rata maintenance fee therefor, which was offered in this case. The statute of limitations did not begin to run until the notice had been given that the seven inches of water were insufficient. That, according to the complaint, was in 1922. Therefore, on the face of the complaint, no period of limitations under our statutes has run against appellants.

The judgment is reversed, with instructions to overrule the demurrer to the amended complaint, and proceed further.

Main, C. J., Tolman, and Mackintosh, JJ., concur.

Parker, J. (dissenting)—I think the plaintiffs' laches is sufficiently shown by the complaint to call for the denial of the relief asked. I therefore dissent.