[No. 36757. Department One. January 30, 1964.]

RAY M. PERRIN et al., *Respondents*, v. DERBYSHIRE SCENIC ACRES WATER CORPORATION, *Appellant*, CHESTER M. DERBYSHIRE et al., *Defendants.**

*Reported in 388 P. (2d) 949.

*Helsell, Paul, Fetterman, Todd & Hokanson* and *Richard W. Bartke,* for appellant.

*Lycette, Diamond & Sylvester, John N. Sylvester,* and *Ralph M. Bremer,* for respondents.

ROSELLINI, J.—Chester M. Derbyshire and his wife were owners of land situated near Kent in King County, which Derbyshire subdivided into thirty-two 1¼- and sixteen 1½-acre tracts. He obtained from the state a ground-water permit and installed a water system consisting of a 250-foot well, with a motor capable of pumping 50 gallons per minute, a booster pump, and a 35,000-gallon storage tank. Lines were run to the various tracts, there being one outlet on each 1¼-acre tract.

The plaintiff Ray W. Perrin was a "speculative builder," who purchased several of these tracts and built homes upon them. The deeds executed by the Derbyshires made no mention of water rights, but Mr. Derbyshire assured the plaintiffs and other purchasers that there was plenty of water and advised them that the system would be turned over to the owners of the tracts.

On March 24, 1959, the plaintiffs purchased the 1¼-acre tract which is involved in this controversy. Shortly thereafter, a group of owners of tracts in this subdivision organized a nonprofit corporation for the purpose of taking, holding, and operating the water system for the benefit of all the owners in the subdivision.

Articles of incorporation were approved and filed in the office of the Secretary of State on May 22, 1959. Bylaws were adopted unanimously on February 23, 1960, and the first annual meeting of the members of the corporation was held on March 8, 1960. On that day, the Derbyshires deeded

the well site and a parcel of land for a future well and the water system to the corporation, and since that date the corporation has operated the system for the benefit of all persons owning property in the subdivision. Each owner is issued a membership certificate and pays a service charge for the water received. The bylaws provide that only one residence will be served on each 1¼-acre tract unless otherwise authorized by the Board of Trustees.

On September 2, 1960, the plaintiff Ray W. Perrin wrote to John Grimm, president of the corporation, requesting an additional water meter for the tract involved in this suit. The Board of Trustees held a special meeting on September 6, 1960, to consider this request, and upon a motion duly made, seconded, and unanimously carried, the request was denied. The plaintiffs were advised of this action on September 8, 1960.

On or about October 5, 1960, the plaintiffs commenced the construction of two residences on this property; they connected both of them to the water system by extending a line from the first residence to the second and installing a second meter in this line. When the plaintiffs failed to comply with a request that they discontinue the line leading to the second meter, agents of the corporation cut off the water supply to the plaintiffs' property. The plaintiffs thereupon reconnected the two residences to the water system.

The Board of Trustees called a special meeting of the members on February 3, 1961, for the purpose of determining whether the bylaws should be amended in order to permit the service of two residences on the plaintiffs' property. The plaintiff Ray M. Perrin attended the meeting and participated in the discussion. Upon motion duly made and seconded, it was voted 35 to 4 that the bylaws should stand as they were written.

The corporation thereafter insisted that the plaintiffs disconnect the second residence from the water system; and the plaintiffs brought this action to determine their rights.

The trial court found that Chester M. Derbyshire had orally agreed to supply water for a second residence on the tract in question, and held that when the well sites and water system were conveyed to the corporation, they were conveyed subject to the right of the plaintiffs to receive water for two residences.

The corporation has appealed, contending that the evidence was insufficient to establish the existence of such an agreement, and contending further that even if there were such an understanding between Derbyshire and the plaintiffs, it is not binding on the corporation, which is a bona fide purchaser for value.

■ RCW 64.04.010 provides that every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed; and RCW 64.04.020 requires that every deed shall be in writing, signed by the party bound thereby, and acknowledged before a person authorized by statute to take acknowledgments of deeds.

The parties are agreed that a water right such as that claimed by the plaintiffs in this action is an easement. An easement, although an incorporeal right, is an interest in land. *Bakke v. Columbia Valley Lbr. Co.*, 49 Wn. (2d) 165, 298 P. (2d) 849. As we said in *Johnson v. Mt. Baker Park Presbyterian Church*, 113 Wash. 458, 194 Pac. 536, applying the above statutes, a bare oral promise cannot create an easement or interest in land.

But assuming that the evidence was sufficient to support the court's finding that there was a promise to supply water for a second residence and that such promise constituted a conveyance from the Derbyshires to the plaintiffs, it was nevertheless void as against the corporation, under RCW 65.08.070, which provides that every conveyance not recorded in the office of the recording officer of the county where the property is situated, is void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration from the same vendor whose conveyance is first duly recorded.

█ The trial court found that the corporation had no notice of the claimed water right when it took the property, and the plaintiffs do not deny that the corporation took the water system for a valuable consideration, part of that consideration being the assumption of the burden of maintaining and operating the system. Another consideration was the purchase by the members of their tracts of land, relying on Derbyshire's promise to convey the water system to the owners. A transferee of property is an innocent purchaser for value, although the value was paid prior to the transfer, if both the payment of value and the transfer are made prior to the transferee's receiving notice of prior equities. *American Bonding Co. of Baltimore v. Dowell*, 31 Wn. (2d) 585, 198 P. (2d) 191.

The plaintiffs seek to support the judgment with an argument that they took this water right as an easement appurtenant or an implied easement. In regard to the first of these contentions, they cite the cases of *Drake v. Smith*, 54 Wn. (2d) 57, 337 P. (2d) 1059, and *Tedford v. Wenatchee Reclamation Dist.*, 127 Wash. 495, 221 Pac. 328. Both of these cases hold that a water right is an interest in real property appurtenant to, and passes with a conveyance of, the land. But neither of them aids the plaintiffs in their contention that they acquired water rights greater than those acquired by other purchasers of tracts in the subdivision. It is conceded that the plaintiffs acquired water rights appurtenant to their land, but the question is, what was the extent of those rights. It is the position of the corporation that the rights acquired were equal to those acquired by other purchasers of 1¼-acre tracts and to be enjoyed in common with them. The plaintiffs contend that their rights are greater than those of other purchasers, but the only evidence they have offered in support of this contention is an oral promise unenforceable against the corporation.

Nor does the case of *Zainey v. Linde*, 121 Wash. 572, 209 Pac. 1085, aid the plaintiffs. That case simply held that a pipeline which was laid for the purpose of carrying water

to a residence property, passed with the property as a thing incidental and beneficial to the principal thing which was reasonably, if not necessarily, dependent upon it. The property of the plaintiffs was no more dependent on a supply of water for a second residence than was any other $1\frac{1}{4}$-acre tract, and it is not seriously contended that the supply was adequate to service two residences on each tract.

Insofar as the plaintiffs' contentions concerning their theory of an implied easement are concerned, suffice it to say that at least one of the elements necessary to establish the existence of such an easement is not present. The rule is that there must be a former unity of title during which time a permanent user is impressed, by obvious and manifest use upon one part of the estate in favor of another; a separation by grant of the dominant tenement; and a reasonable necessity for the easement in order to secure and maintain the quiet enjoyment of the dominant estate. *Evich v. Kovacevich*, 33 Wn. (2d) 151, 204 P. (2d) 839. No water was used on the plaintiffs' tract prior to the time they acquired it, consequently the doctrine has no application.

Having concluded that the plaintiffs failed to establish their contention that they had acquired water rights greater than those of the other owners in the subdivision through grant or operation of law, we need not decide whether, as members of the corporation, they were bound by its bylaws and precluded from claiming such rights.

The judgment is reversed.

OTT, C. J., HILL, and HALE, JJ., and DAWSON, J. Pro Tem., concur.