[No. 128-40794-2.    Division Two.    February 19, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. J. R. LEASING
Co., INC., *et al., Appellants.*

*Coons & Harrod* and *Curtis H. Coons,* for appellants.

*Slade Gorton, Attorney General,* and *Theodore O. Torve,
Assistant,* for respondent.

PEARSON, J.—This appeal arises out of a condemnation
suit which was brought by the State of Washington to
obtain a portion of appellant's property in Bremerton for
highway purposes. The real parties in interest are John A.
Riley and his wife.

Two assignments of error are raised. The first challenges
the portion of instruction 6 pertaining to sewer services:[1]
"In determining just compensation, however, you are not
to consider any damages caused by any loss of electricity,

---

[1]There was an agreement by the state to replace the utilities
mentioned in the instruction except for the sewer service.

water, gas, or sewer service to the remainder of the property."

Appellant's predecessor, David, had acquired the property in question from the United States by quitclaim deed in 1959. The deed described a tract of 5.3 acres, excepting therefrom (among others) an adjoining tract of 1.87 acres which the United States later conveyed to the State of Washington for highway purposes.

The deed from the United States to David, through which appellants claim title, contained this grant:

TOGETHER WITH the easements for sewer, water, gas and electricity lines serving this tract which were acquired by the United States of America by condemnation in Civil No. 609 in the U. S. District Court for the Western District of Washington, Northern Division.

The sewer location described in civil cause No. 609 did not come in contact with appellant's property. Subsequent to obtaining the above-mentioned easements, however, the United States constructed a sewer line but did not follow the course described in the easement acquired by condemnation in civil cause No. 609. One segment of the sewer as laid did not contact appellant's property, but another segment ran across a portion of appellant's property and another segment ran across the adjoining state property. The two sections of sewer met at an angle, and the segment outside appellant's tract is in the general vicinity of the easement described in civil cause No. 609.

The state condemned the portion of appellant's property across which the sewer line ran. The condemned portion and the adjoining state tract were to be a part of the right-of-way for the highway. A jury trial was held to determine just compensation for the property taken and for severance damage to the remainder. The challenged instruction withdrew from consideration of the jury the sewer as an item of severance damage.

The parties by stipulation asked the trial court to determine if the sewer line was a separate compensable item of damage to the remainder. The court ruled that appellant's

use of the existing sewer lines was not a legally enforceable property right and therefore not compensable.

We believe the trial court was correct in its interpretation of the conveyances in appellant's chain of title. Those conveyances limit the easement to the one acquired in a specific condemnation suit (civil cause No. 609). The easement established in that action does not touch appellant's property, although appellants would have had the right to discharge sewage through the pipes existing on that easement.[2] Whatever interest the appellants had in the as-laid sewer lines was merely by sufferance or privilege. Appellants established no legal right in the sewer nor did they advance any theory to the trial court which would give them a property interest in the as-laid pipes.

▉ Appellants argue on appeal that an easement by implication arose in their favor regarding the sewer line. *Perrin v. Derbyshire Scenic Acres Water Corp.*, 63 Wn.2d 716, 388 P.2d 949 (1964). It does not appear that this theory was presented or argued to the trial court. However, the facts presented here would, in our judgment, not have warranted the trial court in finding an easement by implication of the sewer line.

The requirements of such an easement were most recently enunciated in *Perrin* at 721:

> The rule is that there must be a former unity of title during which time a permanent user is impressed, by obvious and manifest use upon one part of the estate in favor of another; a separation by grant of the dominant tenement; and a reasonable necessity for *the* easement in order to secure and maintain the quiet enjoyment of the dominant estate.

(Italics ours.)

The appellants did not show or offer to prove that the United States did at one time own all of the property underlying the as-built sewer. Neither did they show or offer to prove the requisite "obvious and manifest" use of

---

[2]It does not appear that the sewer facilities were ever used by appellant at any time.

said sewer line. Accordingly, no enforceable interest in the sewer line was established on the facts before us.

■ A necessary antecedent to a claim for compensation in an eminent domain proceeding is an enforceable interest in the property being condemned. Unless there is such enforceable interest there is no damage. A mere license or privilege which is legally unenforceable, is not a proper subject for compensation in eminent domain proceedings. *People ex rel. Department of Pub. Works v. Lundy,* 238 Cal. App. 2d 354, 47 Cal. Rptr. 694 (1965); *Whitefoot v. United States,* 293 F.2d 658, (Ct. Cl. 1961).

Accordingly, the trial court properly ruled on the showing made that the sewer line did not warrant consideration in assessing severance damages. Instruction 6 was proper.

■ The second assignment of error pertains to the court's refusal to allow in evidence a mortgage instrument pertaining to a comparable sale. The "comparable" property was adjacent to the property being condemned and was also owned by appellants. The sale transaction was not completed. The trial court did allow evidence of the sale price, but refused to allow appellants to show that the prospective purchasers of the "comparable" property had obtained mortgage loan financing for the construction of a warehouse on the property. The mortgage amount was, consequently, much greater than the value of the unimproved property. We agree with the trial court that the large amount of the mortgage loan may well have misled the jury. Also, its probative value is questionable. We think the trial court's exclusion of the mortgage was within its sound discretion. *In re Northlake Ave.,* 96 Wash. 344, 165 P. 113 (1917); *State v. Rowley,* 74 Wn.2d 328, 444 P.2d 695 (1968).

Judgment is affirmed.

ARMSTRONG, C. J., and PETRIE, J., concur.